State *v.* Garvey.

## THE STATE *vs.* WILLIAM GARVEY.

By the well established practice of this state, where a criminal trial has been commenced, and the public prosecutor, under the advice of the court, enters a nolle prosequi, and the prisoner does not claim a verdict, but waives his right to insist upon it, the proceeding is no bar to a subsequent trial for the same offence.

INFORMATION for theft; brought to the Superior Court in New Haven County. The prisoner pleaded in bar certain proceedings upon a former information for the same offence and the Attorney for the State demurred to the plea, and the case was reserved for the advice of this court. The case is fully stated in the opinion.

*Foster*, State's Attorney, and *Blydenburgh*, in support of the demurrer, cited 1 Wharton's Crim. Law, 573 ; *State v. Benham*, 7 Conn., 418 ; *Wilson v. The State*, 24 id., 62 ; *Commonwealth v. Wade*, 17 Pick., 399 ; *U. States v. Keen*, 1 McLean, 438 ; *Wortham v. The Commonwealth*, 5 Randolph, 676.

*H. D. Russell*, contra, cited 4 Black. Com., 360 ; 2 Swift Dig., 402 ; *State v. Kreps*, 8 Ala., 951 ; *State v. Anon.*, 1 Tyler, 178 ; *State v. Davis*, 4 Blackf., 345 ; *Commonwealth v. Goodenough*, Thacher's Crim. Cas., 132 ; *Commonwealth.v. Wade*, 17 Pick., 395 ; *Commonwealth v. Tuck*, 20 id., 356, 365 ; *U. States v. Shoemaker*, 2 McLean, 114 ; *U. States v. Stowell*, 2 Curt. C. C., 153, 170 ; *The People v. Barrett*, 2 Caines R., 304 ; *Klock v. The People*, 2 Parker Crim. R., 676 ; *The People v. Goodwin*, 18 Johns., 200 ; *State v. McKee*, 1 Bailey, 651, 656 ; *Mounts v. The State*, 14 Ohio, 305 ; *Wright v. The State*, 5 Ind., 290 ; *Rex v. Jeffs*, 2 Stra., 984.

PHELPS, J. The prisoner was informed against before the Superior Court for New Haven County at the July term, 1874, for an alleged larceny, and a trial on that information, under

State *v.* Garvey.

the plea of not guilty, was so far proceeded with that the jury were impanelled and testimony introduced in behalf of the State, when the Attorney, without further prosecution, or attempt at conviction, discontinued the case against the prisoner. At the following October term of the same court the prisoner was again informed against and placed on trial for the same larceny. He pleaded in bar the former information and the proceedings under it, and claimed that he was entitled to be discharged on the ground that within the meaning of article 5, of the amendments to the constitution of the United States, and also by the principles of the common law, he was thereby being twice put in jeopardy, and on trial for the same offence.

To this plea the Attorney for the State demurred, and the question what judgment should be rendered was by the Superior Court reserved for the consideration and advice of this court.

The principle which protects an individual from the jeopardy involved in a second trial for the same offence is well established and fully recognized. The question however as to what constitutes a trial, depends upon the course of procedure of the particular jurisdiction in which it is had, and the construction of the courts there with respect to it.

There are elsewhere highly respectable authorities in support of the position taken by the prisoner in his plea, but by the long continued practice in this state, if the prisoner does not claim a verdict, but waives his right to insist upon it, and the Attorney by the advice of the court enters a *nolle prosequi*, or a discontinuance of the prosecution, it is no bar to a subsequent trial for the same offence. 2 Swift's Digest, 402.

The Superior Court is advised that the plea is insufficient.

In this opinion the other judges concurred.