STATE v. ELIAS POLLARD and another.

*Appeal—Criminal Pleading—Practice.*

1. An appeal lies only after a final judgment in criminal trials, and not upon an interlocutory ruling.

2.. A defendant indicted in an inferior court pleaded "former acquittal," and "not guilty." The court reserved the issue raised by the latter plea, and proceeded to try the question of "former acquittal," which was decided against the defendant, and he *immediately* appealed to the superior court, where the ruling below was affirmed, and the cause was remanded to be proceeded with on the plea of "not guilty;" *Held*, that, in strictness, the appeal should have been dismissed by the judge as premature, but that as the *procedendo* answered every practical purpose, the judgment of the superior court should be affirmed.

(*State* v. *Potter,* Phil., 338 ;. *State* v: *Hinson*, 82 N. C:, 540, cited and approved.)

INDICTMENT for killing live stock tried at Spring Term, 1880, of PITT Superior Court, before *Avery, J.*

The defendant appealed from the ruling of the judge below.

*Attorney General*, for the State.
*Messrs. Latham & Skinner*, for defendant.

SMITH, C. J. The defendant is charged with killing certain live stock, running at large in the range, in violation of the act of 1850, (Bat. Rev., ch. 32, § 94,) and upon his arraignment with others in the inferior court of Pitt, pleaded a former acquittal and not guilty. The issue upon the first plea was submitted to the jury and that upon second reserved by consent, and the jury rendered a special verdict. The court was of opinion, and so decided, that the facts found were insufficient to sustain the defence, and without further proceeding the defendant appealed to the superior court. His Honor affirmed the ruling of the inferior court and ordered his judgment to be certified to the end that the said court proceed with the cause and the defendant appealed to this court.

The inferior court, after its decision against the defendant upon the first plea, should have at once proceeded to impanel another jury to pass upon the other plea of not guilty.

In England this is allowed only in trials for felony, and in misdemeanors the one verdict is conclusive, and the court proceeds to final judgment unless perhaps in particular cases it may be relaxed. But in this country no distinction is made in this particular between felonies and misdemeanors, and in all offences the defendant failing in his plea of former conviction or acquittal, is entitled to a trial of his plea of "not guilty." 1 Whar. Cr. Law, § 572. We propose to refer to a few adjudications on this point:

In *Hirn* v. *Ohio*, 1 Ohio, 15, the defendant being charged with selling spirituous liquors by the small measure, pleaded a license, to which the state demurred, and the demurrer was sustained. The court of common pleas thereupon proceeded to judgment. The appellate court, reviewing this action says: "After sustaining the demurrer to the special plea, the judgment of the court should have been *respondeat ouster*. In a criminal case in this state a defendant cannot waive a jury trial in any other way than by a plea of guilty."

In *Commonwealth* v. *Goddard*, 13 Mass., 455, the indictment was for an assault and battery, and the defendant pleaded a former conviction, to which there was put in a demurrer, and PARKER, C. J., delivering the opinion, lays down the rule thus: "When the plea is found against the defendant in this country, he will be put to plead again to the indictment, and the trial will proceed as if no previous proceeding had passed."

In *Barge* v. *Commonwealth*, 3 Penn., and Watts (Penn.) 262, the defendant pleaded an acquittal and not guilty to an indictment for a misdemeanor, and GIBSON, C. J., uses this significant and forcible language: "The same justice, not to say humanity, which originally dictated a judgment of *respondeat ouster* in felony, dictates the same judgment in cases of misdemeanor where the defendant's special plea in

bar has been determined against him on matter of law, *and the case ought therefore* to have been put to the jury on the plea of "not guilty."

The same eminent judge in a similar case, referring to the English practice which ordinarily, as Mr. CHITTY says, denies to the defendant in petty offences the right to plead over, and which may in the discretion of the court be accorded in special cases, speaks thus: "Listening to the voice, not of humanity, but justice, we have carried this discretion a single step further by applying it to all cases without regard to the punishment, in which the plea contains no confession of facts which constitute guilt." *Foster* v. *Commonwealth*, 8 Watts & Serg., 77.

It is true, double pleading is allowed only in civil cases, under the statute of Ann, as was said by PEARSON, C. J., in *State* v. *Potter*, Phil., 338, and the jury could not be impaneled to try at one time more than the issue of a single plea, but the difficulty is obviated by allowing the second plea and jury trial of it, after the verdict on a preceding plea, and the reasonableness of this practice commends itself to our approval.   Indeed it would seem that judgment could not be regularly pronounced except upon confession or a verdict establishing the defendant's guilt.   This is inferrible from the provision that when the defendant will not answer directly to the indictment, the court shall order the plea of not guilty to be entered.   Bat. Rev., ch. 33, § 74.

While the remark of the eminent Chief Justice is correct, that a plea of former conviction implies an admission of the criminal act and is inconsistent with an absolute denial, it is not true, as in our case, when the plea is a former acquittal, for it may be equally true that he was not and is not guilty of either charge.

The technical reason for not admitting, to be passed on at one and the same time by a jury, two incompatible pleas, cannot prevail against a well established practice, which

admits them to be acted on in succession, and it is not material that both are entered at once and the trial of one postponed until after the trial of the other.

In this view then the cause has not been finally determined in the court where the prosecution originated, and the issue upon the plea of not guilty remains still to be disposed of. It is needless to multiply authorities which settle the point that an appeal lies only after a final judgment in criminal trials and not upon an interlocutory ruling. *State* v. *Hinson*, 82 N. C., 540, and cases therein cited.

An appeal from the inferior to the superior court, by the express words of the act of 1879, ch. 141, is allowed "for error assigned in matter of law in the same manner and under the same restrictions provided now by law for appeals from the superior courts of the state to the supreme court of the state," and therefore the defendant's appeal to the superior court ought to have been dismissed, and the inferior court left to proceed with the cause. But as the order of *procedendo* accomplishes the same purpose as the dismissal of the appeal, we affirm the judgment, and this will be certified that the inferior court may be directed to proceed with the trial of the cause. See *State* v. *Ham*, 590, and *State* v. *Thompson*, 595, decided at this term.

PER CURIAM. No error.