STATE v. ISAIAH RESPASS.

*Criminal Procedure—Plea of former acquittal and not guilty.*

1. Where a defendant is charged in a warrant (on appeal from a justice's court) and in a bill of indictment for the same offence, the solicitor

may elect to proceed upon either, and if he proceed upon the indictment, it has the effect of a *nolle prosequi* as to the warrant.

2. A defendant may plead both former acquittal and not guilty, but the jury cannot try the issues raised at the same time. After verdict against the defendant on plea of former acquittal, the court should proceed to trial on that of not guilty. There being no final determination of the prosecution before the justice in this case, the plea of former, acquittal cannot be sustained.

(*State* v. *Dixon*, 78 N. C., 558 ; *State* v. *McNeill*, 3 Hawks, 183 ; *State* v. *Pollard*, 83 N. C., 597, cited and approved.)

INDICTMENT for assault and battery, tried at Spring Term 1880, of BEAUFORT Superior Court, before *Graves, J.*

This proceeding was commenced by a warrant and tried before a justice of the peace in Beaufort county. The warrant "charged that the defendant did on or about the second day of April, 1879, at or near Broad creek in said county, violently assault and beat him, the said J. P. Brooks, with a large stick and strike him two blows with said stick on the head and produced a dangerous wound, of which he may not recover, contrary to law and against the peace and dignity of the state." The warrant was executed and returned on the 17th of May, 1879, when the justice proceeded to trial and submitted the case to a jury, who returned a verdict that defendant was "not guilty;" and thereupon the justice adjudged that "the complaint be dismissed at the complainant's costs," from which judgment the prosecutor appealed to the superior court, and at spring term, 1880, to which the transcript of the proceedings before the justice was returned, a bill of indictment was found by the grand jury against the defendant for an assault and battery upon J. P. Brooks, the complainant in the prosecution before the justice. Upon the call of the case for trial in the superior court, the defendant offered to enter the pleas of "not guilty" and "former acquittal," but the court held that he must rely upon one plea, and under that ruling he

pleaded "former acquittal." To sustain his plea, the defendant offered in evidence the transcript of the proceeding and trial before the justice, together with the evidence taken before him on the trial, which evidence was allowed. And the solicitor admitted that the indictment was for the same offence as that tried before the justice.

The defendant then offered to prove by one Eborn that in the evidence before the justice, it was proved "that no deadly weapon was used and no serious damage or injury was done in the assault upon said Brooks." The court excluded this testimony and the defendant excepted. Nothing further being offered, the court directed the verdict of the jury to be entered, viz: "there is no record of former acquittal by a court of competent jurisdiction." Thereupon judgment was pronounced on motion of the solicitor and the defendant appealed.

*Attorney General,* for the State.
The defendant was not represented in this court.

ASHE, J. In the view we take of this case, there was no error in the ruling of the court in excluding the testimony of the witness, Eborn, as to the proof before the jury in the justice's court. When the appeal from the justice's judgment was returned to the superior court and the bill of indictment was subsequently found by the grand jury, there were then two criminal actions pending in that court against the defendant for the same offence. The solicitor had his election to proceed upon either. *State* v. *Dixon,* 78 N. C., 558. He chose to proceed upon the bill of indictment, which had the effect of a *nolle prosequi* as to the warrant, and was no defence to the indictment. *State* v. *McNeill,* 3 Hawks, 183. So in that view of the case there was no final determination of the prosecution commenced before the justice, without which the plea of "former acquittal" could

not be sustained. What evidence there was offered before the justice was an immaterial injury.

We are of the opinion however that the judgment rendered against the defendant by his Honor was erroneous. The point has been expressly decided in *Pollard's case*, 83 N. C., 597, where the defendant pleaded " former acquittal " and " not guilty," and the Chief Justice in a careful and well considered opinion, concurred in by his associates, held that the two pleas may be pleaded, and though the jury cannot be impaneled to try the issues raised by both pleas at the same time, the difficulty is obviated by allowing the second plea and a jury trial of it, after the verdict on a preceding plea. And it is held that no final judgment can be rendered on the finding of the jury upon the plea of " former acquittal," for the reason that such a judgment is only interlocutory, and that when both pleas are entered, it is the duty of the court after the finding of a verdict against the defendant upon the issue raised by the plea of " former acquittal," to proceed to trial upon the plea of " not guilty." But in this case the court refused to allow the defendant to plead both pleas, and there the error commenced.

Holding there is error, the judgment of the superior court is reversed and the case remanded that the defendant may be allowed to plead " not guilty " and go to the jury upon that issue.

Error. Reversed.