STATE v. W. R. WINCHESTER.

*Criminal Action—Judge Directing Verdict—Practice.*

1. In a criminal action the trial Judge cannot direct a verdict on the testimony, for the jury must pass upon the credibility of the testimony offered.

2. Regularly, the two pleas of "former conviction" and "not guilty" should be tried separately, since the former implies an admission of the criminal act and is inconsistent with an absolute denial.

This was a warrant for assault and battery tried, on appeal from a Justice of the Peace, before *Armfield, J.*, and a jury, at February Term, 1893, of UNION Superior Court.

The facts are stated in the opinion of Associate Justice CLARK.

*The Attorney General* and *Armistead Jones*, for the State.
*Mr. R. B. Redwine*, for defendant (appellant).

CLARK, J.: The case on appeal states, "At the close of the testimony his Honor instructed the jury that, upon the testimony of the Justice of the Peace Irby, there had been no former conviction, and, upon the testimony of the defendant, he was guilty, and directed a verdict to be rendered accordingly." If the evidence justified it (as to which we need

express no opinion), it would have been proper for the Court to instruct the jury that if they believed the evidence of Irby, witness for defendant, they should find that there was no former conviction, and, if they believed the defendant's own testimony, he was guilty of the offence charged. *State* v. *Vines*, 93 N. C., 493, 498. But in directing a verdict, the Judge exceeded his powers in a criminal action. The jury must pass upon the credibility of the testimony offered The subject has been so recently discussed in *State* v. *Riley*, at this term, that we need not repeat what is there said.

Regularly, the two pleas of former conviction and not guilty should be tried separately, since the plea of former conviction "implies an admission of the criminal act, and is inconsistent with an absolute denial." *State* v. *Pollard*, 83 N. C., 597; *State* v. *Respass*, 85 N. C., 534. But the practice of trying them together has become not unusual, and is often convenient. There being no exception on that ground, this Court must assume that this course was pursued with the assent of the defendant. But in directing a verdict there was                                              Error.