The State v. Hager.

THE STATE OF KANSAS v. GEORGE HAGER.

No. 11,542.    ( 59 Pac. 1080.)

1. CRIMINAL PRACTICE—*Plea of Former Jeopardy—Effect of Appeal by the State.*   A plea of former jeopardy is a special plea of matter in bar, which is not involved under the general issue or plea of not guilty, and therefore it should be heard and determined apart from the main issue.   Such plea not being of matter which goes to the question of the innocence of the accused, a hearing upon it is not a jeopardy, and an order sustaining it and discharging  the  defendant may be appealed by the state as a question reserved, and, in the event of a reversal of such order on the state's appeal, the defendant may be rearrested and held for trial.

2. ——— *Discharge of Jury upon Disagreement—Discretion of Court—Former Jeopardy.*   Where the record of the trial of a criminal case shows that the jury " were absent some time considering of their verdict," and upon being returned to the jury-box the foreman, in reply to an inquiry by the court, stated, in the presence of the remainder of the jury and without dissent by any of them, that there was no probability of their agreeing upon

a verdict, and the court thereupon discharged them, "because they were unable to agree upon a verdict," *held*, that such record does not show an arbitrary or unreasonable exercise of the court's authority in discharging the jury, but does show facts from which a presumption of a correct exercise of judicial authority arises, and that it will not support a plea of former jeopardy when the defendant is again put upon trial.

Appeal from Jackson district court; CHARLES F. JOHNSON, judge. Opinion filed February 10, 1900. Reversed.

*H. F. Graham*, county attorney, and *Hayden & Hayden*, for The State.

*Crane & Woodburn;* and *J. A. Rokes*, for appellee.

The opinion of the court was delivered by

DOSTER, C. J. : This is an appeal by the state upon a question reserved by it. The defendant in the court below interposed a plea of former jeopardy, which, upon hearing and consideration by the court, was sustained and an order made for his discharge. The defendant had been informed against for grand larceny. Upon the trial of his case the jury reported that they were unable to agree, whereupon they were discharged from further consideration of the case. The action was continued to the next succeeding term, and at that term the defendant filed his plea of former jeopardy. In this plea he alleged that, at the trial of his case at the preceding term, "the jury were arbitrarily discharged without a verdict from the consideration of the case, and without any sufficient or lawful reason therefor, to which discharge defendant excepted, and having once been in jeopardy he cannot again be placed upon trial." The evidence in support of this plea was, of course, the record of the

former proceeding.   The material portion of the record was as follows :

" The said jury retired in charge of a sworn bailiff to consider of their verdict.   And after being absent some time in consideration of their verdict they were duly returned to the jury-box and the court duly inquired of the foreman whether they had agreed upon a verdict, and was informed by said foreman that they had not.   The court then inquired of said foreman, ' Is there any probability of your doing so? ' and was answered by said foreman, ' There is not.' The jury was by the court thereupon discharged from the further consideration of the cause, because they were unable to agree upon a verdict."

We have delayed the determination of the case to give consideration to a question involved in it but which was not argued by counsel.   That question is as to the effect of the defendant's discharge upon the hearing of his plea of former jeopardy.   Can he, in the event of a reversal of this case upon the state's appeal, be again arrested and held for trial?   Or, was the hearing given him upon his plea of former jeopardy itself a jeopardy which he may plead in bar when again brought to trial?   If the latter should be the case, the question presented to us as to the effect of the discharge of the jury on the first trial would be moot in its nature, and would not be considered by us.   (*The State v. Rook*, ante, p. 382, 59 Pac. 653.)   The subject, as we now view it in the light of the authorities, is quite free from doubt, although it did not appear so when first occurring to us.

Our conclusion is that a hearing upon a plea of former jeopardy alone is not itself a jeopardy, and a discharge upon such hearing is not an acquittal. Pleas of former acquittal or conviction, or former jeopardy, are special pleas of matter not properly in-

volved under the general issue or plea of not guilty. Such being the case they should be heard and determined apart from the main issue. (Whart. Pl. & Pr. §§ 419, 420, 429; Bish. New Cr. Proc. §§ 799, · 805.) Therefore, a plea of former acquittal, not being of matter involved in the general issue — not being of matter which goes to the question of guilt or innocence — a judgment sustaining it cannot be in the nature of an acquittal. If such were the case, a judgment against a defendant overruling his plea of former acquittal would be a former conviction, and could be pleaded as *autrefois convict* to the indictment when again called for trial. Hence, the defendant could always escape punishment by pleading a former acquittal to the indictment against him, because if the plea should be found against him it would be a former conviction ; if in his favor, a former acquittal. For the same reasons a plea of former jeopardy, whether determined one way or the other, cannot be regarded as involving the merits of the case. It does not reach to the question of guilt or innocence, and if determined in defendant's favor the state may have an appeal upon the question, if reserved by it. There seems to be some contrariety in the decisions as to whether the defenses of former acquittal, conviction or jeopardy may be heard under the general issue (9 Encyc. Pl. & Pr. 630), but we think there are no decisions holding that such defenses, when made under the general issue, are not triable separately from the main question, or, at least, no decisions holding that a hearing upon the special defense is itself a former jeopardy, and a judgment upon it alone a former conviction or acquittal.

The question now recurs, Was the plea of former jeopardy sustained by the record? It is undeniable

that the arbitrary and unnecessary discharge of a jury before which an accused person is tried, without a verdict, operates also to discharge the defendant. In such case, he has been once in jeopardy. That jeopardy, terminating without fault upon his part and from no overweening necessity, cannot be renewed and the accused again called upon to defend himself. The civil code (Gen. Stat. 1897, ch. 95, § 291; Gen. Stat. 1899, § 4544) provides that "the jury may be discharged by the court on account of the sickness of a juror, or other accident or calamity requiring their discharge, or by consent of both parties, or after they have been kept together until it satisfactorily appears that there is no probability of their agreeing." The provisions of this section are made applicable to trials of criminal cases. (Gen. Stat. 1897, ch. 102, § 201; Gen. Stat. 1899, § 5458.) Authority for the discharge of a jury trying a criminal case, therefore, exists if "they have been kept together until it satisfactorily appears that there is no probability of their agreeing." The tribunal primarily entrusted with the duty of determining whether a jury has been kept together until there is no probability of their agreeing is the trial court. The questions whether they have been so kept together and whether there is a probability of their agreeing are judicial questions. As such they cannot be arbitrarily or capriciously determined by the court. The court must be satisfied that the jury in all probability cannot agree to a verdict before it should order their discharge. However, when it does become of that conviction and enters it of record, the correctness of its view and the soundness of its conclusions are not subject to review, unless the record of its action discloses it to be in error. Unless the record discloses hastily formed conclusions, immature judgment, or ca-

pricious conduct, the action of the trial judge cannot be reviewed by this or any other court.

In *The State v. Allen*, 59 Kan. 758, 54 Pac. 1060, the record of the former trial recited that "the jury not having agreed upon a verdict in the above-entitled cause, the jury is discharged from further consideration of this case." It was therefore held that the existence of no proper or necessary grounds for the discharge of the jury had been shown, but that something more should have appeared than that the jury had not agreed upon a verdict. It should have been shown that there was no probability of their agreeing. The present case, however, is different. Here it appeared, not merely that the jury had failed to agree, but that, upon inquiry of the foreman in the presence of his fellows, he had stated that there was no probability of their being able to agree. This statement of the foreman, the usual spokesman of the panel, in the presence of the remainder of the jurors, and not dissented from by them, must be regarded as their conclusion as well as his. In addition to the inquiry addressed by the court and answered by the foreman, it appears from another recital of the record that the jury had "been absent some time in consideration of their verdict," before they were again brought into the presence of the court. How long they had been absent does not appear, but we must indulge the presumption that it had been for such a length of time as to enable the court to regard it as some evidence of inability to reach a conclusion. The record further shows, in connection with its recitals of absence of the jury for "some time in consideration of their verdict," and inquiry and answer as to the probability of an agreement, that the jurors were thereupon discharged "because they were unable to agree upon a verdict."

It would appear, therefore, that the court acted according to judicial methods in discharging the jury. He took into consideration the length of time, whatever that may have been, that the jury had been in consideration of their verdict, and the statement of the foreman in the presence of the remainder of the jury, and presumably assented to by them, because not dissented from, that they were unable to agree upon a verdict. From these facts he evidently deduced the conclusion that there was no reasonable probability of their being able to agree. While the record of the proceedings was not made as full as such records ought to be made, yet it is sufficiently full to prevent us from saying that the court below erred.

While in *The State v. Allen*, supra, it was held that the court had erroneously discharged the jury under the particular circumstances of that case, as disclosed by the record, yet the rule was distinctly announced that "the length of time a jury should be kept together and the probability of an agreement must be determined by the trial court from the facts and circumstances of the particular case, and its decision will be conclusive unless it has abused its discretion in that regard." This statement of the rule is in harmony with the holdings of nearly all the cases. Mr. Bishop says: "The result (of the authorities) would seem to be that when he (the judge) concurs in and affirms the jury's conclusion of inability to agree, and discharges them, the fact so found, the existence whereof nullifies the seeming jeopardy, is absolute and irreversible." (1 Bish. New Cr. L. § 1041.) An instructive and valuable case, reviewing many of the decisions upon the subject and showing the rule to be as above stated by Mr. Bishop, and also as herein stated, is *State v. Reinhart*, 26 Ore. 466, 38 Pac. 822.

We think the plea of former jeopardy was improperly sustained. The judgment of the court below sustaining it is therefore reversed, with directions to proceed with the trial of the case.