## STATE v. ELLSWORTH.

(Filed May 20, 1902.)

1. INDICTMENT—*Sufficiency—Burglary—The Code, Sec. 996.*

An indictment for burglary, alleging a breaking with intent unlawfully, wilfully and feloniously to commit the crime of larceny, sufficiently charges an intent.

2. EVIDENCE—*Withdrawal by Trial Judge—Harmless Error.*

The trial judge may correct the admission of improper evidence by withdrawing it from the jury.

3. EVIDENCE—*Burglary.*

Evidence in a burglary case that witness met defendants the day before the former heard of the safe being broken open, is admissible as fixing the time of the occurrence as to which witness was testifying.

4. EVIDENCE—*Opinion Evidence—Burglary.*

Evidence in a burglary case that from the appearance of the door the witness thought it had been broken open by a chisel is competent.

INDICTMENT against George Ellsworth and J. H. Traynor, heard by Judge *Walter H. Neal* and a jury, at September Term, 1901, of the Superior Court of ANSON County. From a verdict of guilty as to both defendants and judgment thereon, they appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*H. H. McLendon,* for the defendants.

CLARK, J.   The defendants were indicted under Section 996 of The Code in the following bill of indictment: "* * * That the defendants did unlawfully, wilfully and feloniously break and enter the store-house of M. H. Lowery and others, doing business as M. H. Lowery & Co., then and there situate, and in which said house there was at the time money, meal, flour, meat, dry goods and other personal property, in the night time, and with intent, unlawfully, wilfully and feloniously to commit the crime of larceny," etc.   The defendants moved to quash, and also in arrest of judgment, because the intent "to commit the crime of larceny" was not sufficiently charged.   The Solicitor followed a decision of this Court which is exactly in point, and the Judge properly denied the motion.   State v. Tytus, 98 N. C., 705.   This case has since been cited with approval in State v. Christmas, 101 N. C., 755.

A witness testified that the defendants left a horse there tied to a tree and did not come back, and the next day the owner of the horse came for him.   The defendants excepted, because this tended to show another substantive crime, but it was not used for that purpose, and was simply a circumstance which incidentally came out in narrating the conduct of the defendants and connecting them with the crime.   However, the Court, out of abundant caution, subsequently withdrew this evidence from the jury and told them not to consider it.   This cured the error, if any.   Wilson v. Mfg. Co., 120 N. C., 94, and numerous cases there cited; also Crenshaw v. Johnson, Ibid., 277; State v. Apple, 121 N. C., 584; Waters v. Waters, 125 N. C., 591, and other recent cases.   Another witness testified that the day he met the defendants was the day before he heard about the safe being broken open. This was not evidence to show that the safe had been blown open, which was amply shown by direct and uncontradicted

testimony, but was evidence of the witness to fix the time of the occurrence to which he was testifying.

Nor was there any sound objection to the testimony, "The front door had been broken open with a chisel." This was not a matter of opinion, but the witness was testifying to the impression made on the wood by the chisel, and he was subject to cross-examination; nor was it a very material point whether the door was broken open by a chisel or other instrument. It was as competent for the witness to say that the impression on the door-facing was made by a chisel as to say that a track was made by a man or a horse. There was no conflicting evidence that the room had been broken into and the safe drilled into and broken open by some explosive, and gold coin and other contents abstracted. Those matters were not contested. The point in the case was to show beyond a reasonable doubt that the defendants were the perpetrators of the crime.

The above points are all that are presented in the brief of the learned and able counsel of the defendants.

There are other exceptions in the record, but, on careful examination, they do not require discussion.

No Error.