## STATE v. ELLSWORTH.

(Filed November 18, 1902.)

1. FORMER CONVICTION—*Pleas—Burden of Proof—Criminal Law.*

On the trial of a plea of former conviction, it being in the nature of a civil proceeding, the burden is on the defendant.

2. FORMER CONVICTION—*Verdict—Pleas—New Trial.*

Where the verdict on a plea of former conviction is contrary to the weight of evidence, the trial court may set aside the verdict and order a new trial.

3. FORMER CONVICTION—*Former Jeopardy—Pleas.*

The trial of a plea of former conviction before trial on the merits is an interlocutary proceeding and not the subject of a subsequent plea of former jeopardy.

4. FORMER CONVICTION—*Appeal—Verdict.*

An order setting aside a verdict on preliminary trial of a plea of former conviction is reviewable only on appeal from a judgment on the merits.

INDICTMENT against Geo. Ellsworth and another, heard by Judge *T. A. McNeill* and a jury, at February Term, 1902, of the Superior Court of ANSON County.

From an order setting aside a verdict sustaining a plea of former conviction and granting a new trial, the defendants appeal.

*Robert D. Gilmer*, Attorney-General, for the State.
*H. H. McLendon*, for the defendants.

CLARK, J. The defendants were indicted for breaking into a store-house with intent to commit larceny, without specifying any articles, and their sentence on conviction was affirmed on appeal. *State v. Ellsworth*, 130 N. C., 690. During the pendency of that appeal, and before the decision

of this Court therein had been rendered, an indictment was tried against the defendants for larceny of certain articles alleged to have been stolen by them from said store-house immediately after their felonious breaking into the same. To this the defendants interposed the preliminary plea of former conviction, declining to plead to the merits till this plea had been disposed of.

The plea of former conviction is not a plea upon the merits. It is not an inquiry as to anything that the defendant has or has not done, and is not, therefore, of a criminal nature. It is a collateral civil inquiry as to what action the Court has taken on a former occasion. The burden from the start is on the party offering it, and if it is not proven by him by a preponderance of evidence, the issue must be answered, "No." So distinct is this collateral issue from the criminal inquiry that it is held that they should be tried separately. *State v. Winchester,* 113 N. C., 641; *State v. Respass,* 85 N. C., 534. It is held an "interlocutory plea," and that no appeal lays for defendant therefrom, but he can note his exception. *State v. Pollard,* 83 N. C., 597. When the plea of former conviction (or former acquittal) is not sustained, then the criminal trial begins unaffected by the interlocutory inquiry which has been taken as to the former action of the Court. *Com. v. Goddard,* 13 Mass., 455. So far from involving the criminal trial, the plea of former conviction is a confession and, therefore, it should be tried separately. There is a single issue on a trial for a criminal offence to which the response must be "guilty" or "not guilty." The issue here submitted was: "Have the defendants been formerly convicted of the crime wherewith they now stand charged?" There was no conflict in the evidence and the answer depended upon an inspection of the two indictments by the Court. Being of opinion that they were, as a matter of law, for different offences, the Judge

instructed the jury that if they believed the evidence, to answer the issue, "No." He might have directed a verdict, for there was no evidence in favor of the party upon whom lay the burden of proof (*Spruill v. Ins. Co.,* 120 N. C., 141) if the Judge was right in his legal conclusion upon inspection of the indictments. The jury, however, found the proposition of law, the only matter before them, differently from the Judge and responded, "Yes." Whereupon, he set the verdict aside, because "contrary to the weight of the evidence and against the instructions of the Court."

The Court can not set aside a verdict of not guilty, though it may treat such verdict as a nullity when it has been procured by fraud (*State v. Tilghman,* 33 N. C., 513; *State v. Swepson,* 79 N. C., 632), and put the defendant on trial again. But this was not a verdict of not guilty. It was an interlocutory inquiry as to former action by the Court, and the verdict by the jury being in the face of the instructions of his Honor and unsustained by any evidence, he could not do otherwise than set aside the verdict. The defendants have not been in jeopardy. 17 A. and E., Eng. Law, 592; *State v. Hager,* 61 Kan., 504; 48 L. R. A., 254. Their guilt has not been inquired into by a jury on this bill. With this verdict set aside, there still remains a new trial upon this plea of former conviction, and if that is found against them, then the plea of not guilty will be tried unaffected by these preliminary inquiries, which are in the nature of a plea of abatement. So purely is this a collateral inquiry that when, as here, the plea turns upon an inspection of the two indictments, the Court may decide the plea without the intervention of a jury, or may charge the jury that the plea is not sustained by the evidence. 9 Enc. Pl. and Pr., 640, and cases there cited, and *Martha v. State,* 26 Ala., 72, in which Chilton, C. J., says: "This is no invasion by the Court of the province of the jury, for it is the duty of the Court to de-

clare the legal effect of the record insisted on by the prisoner as sustaining her pleas"—of former acquittal.

In a somewhat similar inquiry, in *State v. Haywood,* 94 N. C. (for forgery), at page 848, the preliminary issue, "Is defendant sane and capable of conducting his defense?" was found by the jury, "No." The trial Court set aside this verdict, because against the weight of the evidence. This was tacitly recognized on appeal as valid, for the defendant was immediately put upon trial for the forgery and convicted, and a new trial was granted on appeal for an objection to a grand juror, which, it was held, was not waived by the trial upon this preliminary plea, though it was held that it would have been if not made before the plea of not guilty was entered.

In *State v. Lee,* 65 Conn., 265; 27 L. R. A., 498; 48 Am. St. Rep., 202; Hamersley, J., well says: "A theory seems at times to have prevailed which assumes that the punishment of crime is a sort of invasion of natural right and that a person accused of crime should be exempt from established rules of law binding on all other citizens, and, therefore, a procedure which proves incompetent to the correct application of legal principles in criminal trials can be changed, like any other rule of practice, when the change may tend to protect an accused from unjust punishment, but becomes a fundamental principle of jurisprudence, that can not be altered, when the change may tend to secure his just punishment. It needs no argument to dispel such illusion, or to demonstrate that the natural rights of the individual, as well as the interests of public order, are best served and the essential principles of jurisprudence are most accurately followed, when the proceedings in a criminal prosecution include such protection against injustice that the final disposition of the cause will not only settle the controversy, but settle it in accordance with law. * * * 'Putting in jeopardy' means a jeopardy which is real and has continued through every

stage of one prosecution, as fixed by existing laws relating to procedure. While such prosecution remains undetermined, the one jeopardy has not been exhausted. The jeopardy is not exhausted by an indictment followed by a *nolle,* nor by a *nolle* after the trial has commenced when the prisoner does not claim a verdict. 2 Swift Digest, 402; *State v. Garvey,* 42 Conn., 233; nor by the discharge of a jury in case of the sickness of a Judge. *Nugent v. State,* 4 Stewart & Porter (Ala.), 24 Am. Dec., 746; the sickness of juror, *Rex v. Scalbert,* 2 Leach C. C., 620; *Rex v. Edwards,* 2 Camp., 207n.; *Com. v. Merrill,* Thacher Cr. Cases, 1, and innumerable other instances, which the learned Judge cites with accompanying authorities, and it will be noted that all these apply to events after a trial upon the general issue has begun.

Our conclusion is, that "a plea of former acquittal or former conviction not being of matter involved in the general issue—not being matter which goes to the question of guilt— a judgment (or verdict) sustaining it can not be in the nature of an acquittal." *State v. Hager,* 61 Kan., at page 507; 48 L. R. A., 254.

It was held in *State v. Pollard,* 83 N. C., 597, as above stated, that no appeal lay from a judgment overruling an interlocutory plea of former conviction, since the criminal trial upon the plea of not guilty must still take place, and if the defendant is acquitted on that, the appeal and incidental delay would be in vain, and, therefore, he should merely note his exception and have the interlocutory judgment reviewed if the final judgment is against him. For a stronger reason, no appeal lays here from setting aside the verdict on the interlocutory plea, when there remains still both the new trial upon the interlocutory plea, and, if that should go against the defendants, then the criminal trial upon the plea of not guilty, and if either of these go in favor of the defendants,

STATE *v.* ELLSWORTH.

such appeal as this would be useless.    The defendants should have simply noted an exception to setting aside the verdict.

The point whether the indictment covers the same offence as that on the former trial was also discussed before us, but need not be considered, as the verdict was set aside because against the weight of the evidence, which is a matter of discretion (it not being a criminal matter), and further, because the conviction of the defendants for the burglary having been affirmed by this Court since the trial of the interlocutory plea in this case and they being (as counsel state) now undergoing sentence therefor in the State's Prison, we have no doubt a *nol. pros.* will be entered in this cause below.

Appeal Dismissed.

DOUGLAS, J., dissenting.    I have a natural repugnance to the mixing up of criminal and civil proceedings and the inextracable confusion necessarily arising therefrom.    The Code says:

"Section 125. Remedies in the Courts of justice are divided into (1) Action; (2) Special Proceedings."

"Section 126. An action is an ordinary proceeding in a Court of justice, by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punisment or prevention of a public offence."

"Section 127. Every other remedy is by a special proceeding."

"Section 128. Actions are of two kinds, (1) Civil; (2) Criminal."

We are told that the trial of a plea of former conviction is "a collateral civil inquiry."    What is a collateral civil inquiry?    Is it an action or a special proceeding?    It does not seem to me to be either, and, if neither, I see neither room nor warrant in The Code for its judicial creation.    The ac-

tion at bar is certainly criminal, as the defendants are charged with larceny, which may send them to the Penitentiary for ten years. I do not see anything civil about it, no matter what definition of the term we may choose. It is true the defendants are already in the Penitentiary, serving a ten-years sentence for the same unlawful act, but it seems that it is not enough. This splitting up of one act into two distinct offences can not meet my approval. It is illogical and dangerous, and frequently false; in fact, a mere creation of judicial speculation. The plea of former conviction is neither an action nor a special proceeding. It is merely a defense to a criminal action, just as much so as the plea of not guilty. Either plea found in the defendant's favor is just as effectual as the other, and, in fact, in some jurisdictions the defense of former conviction or acquittal may be shown under the general issue without being specially pleaded. P. Enc. Pl. and Pr., 631. Pleas, being purely defensive and, therefore, having no independent existence, are governed in their determination by the nature of the action in which they are interposed. The fact that in many of them the burden of proof is imposed upon the defendant, does not turn them into civil inquiries. In trials for murder, the burden of proving self-defence rests upon the defendant, but surely it is not a civil inquiry. It is said that "the plea of former conviction is not a plea upon the merits." That is true in a moral sense, but it goes to the essence of the action. It is a plea in bar and not in abatement, and therein it differs materially from the plea of insanity as interposed in *State v. Haywood,* cited by the Court. If a defendant is insane at the time of the commission of the offence, he is irresponsible, and, therefore, not guilty of the crime. This is in bar. If, however, he becomes insane after the commission of the offence, his plea is in the nature of abatement and protects him only while he remains insane. *State v. Pritchett,* 106 N. C., 667; 10 Enc.

Pl. and Pr., 1215, 1216. On the other hand, the plea of former conviction, when sustained, is a complete bar to any further prosecution. The defendant stands as fully acquitted of the present charge as if there had been a verdict of not guilty. One is equally free, whether he has never owed the debt or has paid it. Upon such a finding he is entitled to his discharge, and when that finding is set aside he is again placed in jeopardy. I can not divest myself of the idea that a man is in legal jeopardy when he is in danger of being sent to the Penitentiary, nor can I regard any proceeding that sends him there as civil in its nature. To say that an action itself is criminal, but that the defence thereto is civil, involves an inconsistency foreign to my opinion of the law. From my view of the law, it would follow that the Court below had no power to set aside a verdict substantially of acquittal as being against the weight of evidence. I fully concur in the intimation of the Court that a *nol. pros.* should be entered below.