STATE v. TAYLOR.

(Filed December 18, 1903.)

1. FORMER CONVICTION — *Verdict* — *Plea—Judgments—Trial—Demurrer.*

   Where the court sustains a plea of former conviction after the jury has returned a verdict of guilty, the proper practice is to strike out the verdict and sustain the plea as upon a demurrer by the state; and to enter a judgment of not guilty on the verdict as rendered is improper.

2. ORDINANCES—*Former Conviction—Towns and Cities—Disorderly Conduct—Assault—The Code, secs. 3818, 3820.*

   A conviction of violating a city ordinance punishing the disturbance of the good order and quiet of the town by fighting is not a bar to a prosecution by the state for an assault.

3. FORMER CONVICTION—*Verdict—Judgments—Trial.*

   Where the trial court sustains a plea of former conviction and enters a judgment of not guilty, without striking out the jury's verdict of guilty, it may, on reversal, proceed to enter judgment of conviction.

INDICTMENT against J. M. Taylor, heard by Judge *G. S. Ferguson* and a jury, at September Term, 1903, of the Superior Court of EDGECOMBE County. From a judgment for the defendant the State appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
No counsel for the defendant.

CONNOR, J. The defendant was indicted at the September Term, 1903, of the Superior Court of Edgecombe County, for an assault with a deadly weapon. The record states that he pleaded *not guilty.* The case on appeal states that the defendant "admits the assault, but contends and introduces evi-

dence tending to prove that no deadly weapon was used."
"The defendant pleads former conviction and offers in evi-
dence the record of the mayor's court of the town of Tarboro,
which shows that in August, 1902, a warrant was issued by
the mayor against the defendant, charging that he 'did unlaw-
fully violate an ordinance of the town of Tarboro, to-wit,
ordinance No. 10, section 1, by fighting and disturbing the
peace, contrary to said ordinance, against the statute in such
cases made and provided, and against the peace and dignity
of the State." The defendant was arrested upon said war-
rant, and judgment rendered as follows: "After hearing the
evidence, and it appearing to the court that the defendant
pleads guilty, it is considered and adjudged that the defendant
pay costs, $2.85."

Ordinance No. 10 is in the following words: "No person or
persons shall be permitted to disturb the good order and quiet
of the town by fighting, making loud noises, using profane,
boisterous and indecent language, or in any other manner,
under a penalty of twenty-five dollars." The mayor testified:
"I issued this warrant under ordinance No. 10 and tried the
defendant for disturbing the peace of the town by fighting,
exactly as set out in the warrant. There was no evidence of
any disturbance by making loud noises or using profane, bois-
terous or indecent language; the evidence disclosed no dis-
turbance or noise except the act of striking the said Will
Pope. * * * The warrant shows what I tried Taylor
for." At the close of the evidence the defendant asked the
Court to charge the jury: "That upon the record on evidence
the defendant has been tried and convicted of a simple assault
for the offense under investigation." The Court declined to
give the charge asked, but reserved its opinion. The jury
returned a verdict of guilty of a simple assault. The solicitor
prayed the judgment of the Court. The Court announced
that, having reserved its opinion as to whether the plea of the

defendant of former conviction is good upon the record of the mayor's court introduced in evidence, he adjudges said record is sufficient to sustain the plea of former conviction, and therefore directed the clerk to enter a *judgment* of "not guilty," and directed that the defendant be discharged.    The State appealed.

The record proper, which controls when conflicting with the case on appeal, states: "The jury upon their oath say that the said J. M. Taylor is not guilty in manner and form, as charged in the bill of indictment, of an assault with a deadly weapon, but is guilty of a simple assault, and thereupon it is ordered by the Court that the said J. M. Taylor go without day" (the Court holding the plea of former conviction as set out in the case on appeal to be good).

The record presents a singular condition of the case.    There is a verdict of guilty of an offense of which, by reason of the form of the indictment, the Court has jurisdiction.    *State v. Fesperman,* 108 N. C., 770, and cases there cited.    The verdict is left standing as rendered with a *judgment* of "not guilty."    His Honor having, upon consideration of the question of the sufficiency of the evidence to sustain the plea, decided against the State, should have stricken out the verdict and sustained the plea as upon a demurrer by the State, from which an appeal could be taken.    The confusion in the record arises from the failure to observe the procedure pointed out by this Court in several cases.    *Smith, C. J.,* in *State v. Pollard,* 83 N. C., 597, discusses the authorities and says: "It is true double pleading is allowed only in civil cases under the Statute of Anne, as was said by *Pearson, C. J.,* in *State v. Potter,* 61 N. C., 338, and the jury could not be empaneled to try at one time more than the issue of a single plea, but the difficulty is obviated by allowing the second plea and a jury trial on it after the verdict on a preceding plea, and the reasonableness of this practice commends itself to our approval."

The Court, in *State v. Respass,* 85 N. C., 535, approves the practice pointed out in Pollard's case. *State v. Washington,* 89 N. C., 535: "Regularly, the two pleas of former conviction and not guilty should be tried separately, since the plea of former conviction implies an admission of the criminal act and is inconsistent with an absolute denial. But the practice of trying them together has become not unusual, and is often convenient." *State v. Winchester,* 113 N. C., 641.

For the purpose of disposing of this appeal we assume that the solicitor demurred to the evidence offered to sustain the plea and that the Court overruled his demurrer. Thus viewing the case, we think that his Honor was in error. It is well settled that a town ordinance cannot make criminal or prescribe a punishment for acts which are indictable at common law or by statute. *State v. Austin,* 114 N. C., 855, 25 L. R. A., 283, 41 Am. St. Rep., 817; *State v. Stevens,* 114 N. C., 873. It is equally well settled that they may pass ordinances prohibiting disorderly conduct and impose a penalty for their violation, etc., and that ordinance No. 10 of the town of Tarboro is valid. It is substantially like the one set out in *State v. Cainan,* 94 N. C., 880. *Merrimon, J.,* says: "The ordinance mentioned in the warrant has reference to and forbids such acts and conduct of persons as are offensive and deleterious to society, particularly in dense populations, as in cities and towns, but do not *per se* constitute criminal offenses under the general law of the State. * * * The purpose of the ordinance is to promote good morals, the decencies and proprieties of society, and prevent nuisances and other criminal offenses which might result from the acts and conduct prohibited." In *State v. McNinch,* 87 N. C., 567, *Ashe, J.,* says: "His Honor seems to have had in his mind the crime of nuisance at common law, but the ordinance of the city was evidently intended to create different offenses from that. It was a police regulation, adopted not merely to secure the citi-

zens of the city against annoyance but to prevent the evil example of such immoral conduct."

By section 3820 of The Code the violation of a town ordinance is made a misdemeanor, jurisdiction whereof is vested in a justice of the peace. Section 3818 confers upon the mayor the jurisdiction of a justice of the peace "in all criminal matters arising under the laws of the State or under the ordinances of said city or town."

The warrant issued by the mayor was sufficiently definite. *State v. Merritt,* 83 N. C., 677. "A justice of the peace, and as well the mayor, has jurisdiction of a violation of a town ordinance, because it is a misdemeanor and the punishment thereof cannot exceed a fine of fifty dollars or imprisonment for thirty days." *State v. Cainan, supra.*

The offense for which the defendant is indicted in the Superior Sourt is a violation of the law of the State—an assault with a deadly weapon.

This brings us to the question whether the two prosecutions were for the same *offense. Ruffin, J.,* in *State v. Nash,* 86 N. C., 651, 41 Am. Rep., 472, thus states the law: "To support a plea of former acquittal, it is not sufficient that the two prosecutions should grow out of the same transaction, but they must be for the same offense, *the same both in law and in fact.*" "A single act may be an offense against two statutes, and if each requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." *State v. Stevens, supra; State v. Robinson,* 116 N. C., 1046. Disorderly conduct, of which it is the duty and province of municipal authorities to take cognizance, may not, and often does not, involve an assault. When it does so the ordinance is directed against the *disorderly conduct* and the law of the State is directed against the breach of the peace. *Bleckley, C. J.,* in *McRea v. The Mayor,* 59

Ga., 168, 27 Am. Rep., 390, says: "Many transactions which are made penal by the general law of the State may at the same time afford material for a proper police ordinance. The State may deal only with the central element of the transaction, which is fringed all around with adjuncts that ought to be prohibited by ordinances as highly mischievous to the quiet of municipal society. In the country such adjuncts might not need repression, for there they might be comparatively harmless. In a city we think a man may fight in a way to violate an ordinance without being guilty of an assault and battery."

The defendant was tried before the mayor for a misdemeanor in violating the ordinance. It may be that he was not guilty upon the evidence. However this may be, the *offense* of which he was convicted was different from an assault, for which he is indicted. *Robbins v. People,* 95 Ill., 175. The demurrer of the solicitor should have been sustained.

As the verdict upon the plea of not guilty has not been set aside, we see no reason why the Court may not proceed to judgment. *State v. Battle,* 130 N. C., 655.

Error.