STATE *v.* ELLIS.

STATE v. JOHN ELLIS, TED HONEYCUTT, MARY FRICK AND MABEL YARBOROUGH.

(Filed 19 December, 1930.)

1. **Criminal Law J b—On trial for felony not a capital offense the trial court may withdraw a juror and order mistrial in his discretion.**

    Where the defendants are indicted for the criminal offense, robbery and conspiracy to rob, it is within the discretion of the trial judge to withdraw a juror and order a mistrial.

2. **Criminal Law F a—Where mistrial is ordered without objection plea of former jeopardy after second jury is empaneled in too late.**

    Where the trial judge has in the exercise of his sound discretion withdrawn a juror and ordered a mistrial in a criminal action, charging robbery and conspiracy, after allowing the motion of the solicitor to cure an error in the indictment by giving the true name of a defendant, this defendant is not placed in jeopardy a second time for the same offense when she has made the appropriate motion without having excepted to the order of mistrial before the jury had been empaneled to try the action under the second or corrected indictment, and her motion is properly disallowed.

3. **Criminal Law L d—The record imports verity.**

    The record on appeal will control as to whether the proper exception had been duly taken on the question of the plea of former jeopardy relied on in this case.

STACY, C. J., dissenting; BROGDEN, J., concurring in dissenting opinion.

APPEAL by Mary Frick from *Clement, J.,* and a jury, at September Term, 1930, of ROWAN. No error.

The defendants were indicted on a bill of indictment containing two counts: (1) robbery and (2) conspiracy to rob with charge of aiding, etc., to rob the Bank of Rockwell of $1,126.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Walter H. Woodson and P. S. Carlton for defendant, Mary Frick.*

CLARKSON, J. The only question presented upon this appeal is whether or not, the jeopardy having attached under the first bill, the defendant, Mary Frick, is entitled to her discharge on the ground of former jeopardy on the second bill. We think not, under the facts and circumstances of this case.

When all four defendants were called upon to plead under the first bill of indictment, Ellis and Honeycutt pleaded guilty. Mary Frick and Mabel Yarborough pleaded not guilty. A jury was selected and empaneled. After the solicitor read the bill it appeared that in one portion of the bill it was incorrect. In the second count the name of "Mable Yarbourough" appeared "Mabel Honeycutt." Thereupon Mabel Yarborough moved to quash the second count of the bill of indictment for the reason that her name was incorrectly stated. The court quashed the bill of indictment as to her and the solicitor was allotted time to draw a new bill. A new bill was drawn and sent to the grand jury and returned "A true bill as to all four defendants." The court thereupon withdrew a juror and ordered a mistrial as to the first bill of indictment.

The defendants were then required to plead to the second or new bill of indictment and the defendants, John Ellis and Ted Honeycutt, pleaded "Guilty" as charged in the bill of indictment and the defendants, Mary Frick and Mabel Yarborough, pleaded "Not Guilty."

A jury was then selected by the State and passed upon, but before being empaneled the defendant, Mary Frick, and after she had pleaded to the first bill of indictment, made the following motion: (By the court: After the defendant, Mary Frick, had pleaded to the first bill of indictment, the defendant, Mary Frick, when called upon by the solicitor to plead to the second bill of indictment, set out above, made the following motion): "The defendant, Mary Frick, herewith files a plea in abatement and moves the court that she be discharged and that the case against her be dismissed for that after the case against her had been called and the jury had been sworn and empaneled, upon motion of Mabel Yarborough, the court quashed the bill of indictment against the defendant, Mabel Yarborough, and now to place the defendant, Mary

Frick, upon trial on a new bill of indictment charging her with the same offense, would be to place her in double jeopardy in violation of her constitutional rights guaranteed her under the Constitution of North Carolina and the Constitution of the United States."

The case on appeal to this Court was agreed upon as shown by the record that "the court thereupon withdrew a juror and ordered a mistrial as to the first bill of indictment." Nowhere in the record does it appear that defendant, Mary Frick, made any objection or exception to the court below withdrawing a juror and ordering a mistrial on the first bill of indictment. Defendant in her brief says, "This order was without the consent of the defendant, Mary Frick, and was over her objection." The record does not so show.

In *Furniture Co. v. Clark,* 191 N. C., at p. 371, "In the defendant's brief reference is made to matters which do not appear in the case on appeal, but we are bound by the record." The record imports verity. *Story v. Truitt,* 193 N. C., 851; *Cogdill v. Hardwood Co.,* 194 N. C., at p. 747.

In *S. v. England,* 78 N. C., at p. 553, we find: "The principle is admitted that no person shall be subject for the same offense to be twice put in jeopardy of life and limb, and upon the same principle no man shall be placed in peril of any legal penalties more than once upon the same accusation for any criminal offense whatever. *But there is no jeopardy and no peril where the indictment upon which he has been charged is defective.* 4 Coke, 44; Whar. Cr. Law, sec. 587, 588 (italics ours). The prisoner in our case was put upon his trial, and the jury empaneled and charged with his case, when upon the suggestion of the prosecuting officer that the indictment was defective, a juror was withdrawn by direction of the court and a mistrial had, and the prisoner was afterwards tried and convicted upon another indictment for the same offense. If, therefore, the first indictment was so defective that no judgment could have been pronounced upon the prisoner in case of his conviction, it was proper to put him upon his trial upon another and sufficient indictment. We think the first indictment was insufficient." *S. v. Drakeford,* 162 N. C., 667. The misnomer in the present case was of the surname, "Mabel Honeycutt" instead of "Mabel Yarborough."

In 8 R. C. L., part sec. 80, p. 114, is the following: "Modern decisions make no distinction between misnomers of the surname and of the Christian name. In either case, if it is substantial, it is good cause for an abatement of the proceedings."

The defendants were not tried for a capital offense. We think *S. v. Upton,* 170 N. C., 769, analogous to the present case. We find at p. 770: *"The defendant made no exception when the juror was withdrawn*

*and made his exception only when the new jury was empaneled.* (Italics ours.) . . . The trial was for a felony, not capital, and it was discretionary with the judge to order a mistrial. *S. v. Collins,* 115 N. C., 716, citing *S. v. Johnson,* 75 N. C., 123, where *Pearson, C. J.,* said that if on the trial for a capital offense the judge directs a mistrial, he is required to find the facts, and his action is subject to a review on appeal; but that on trial for a felony not capital, or for a lesser offense, the discretion of the presiding judge in making a mistrial is not subject to review, for he has the discretion to do so whenever he believes it proper in furtherance of justice, citing *S. v. Weaver,* 35 N. C., 203; *Brady v. Beason,* 28 N. C., 425. Even if this had been a trial for capital felony, it would not have been error for the court to have made a mistrial 'when necessary to attain the ends of justice.' *S. v. Guthrie,* 145 N. C., 495; *S. v. Tyson,* 138 N. C., 627, which is cited in *S. v. Dry,* 152 N. C., 813." *S. v. Cain,* 175 N. C., 825; *S. v. Beal,* 199 N. C., at pp. 294-5-6.

All four of the defendants were jointly indicted. The jury was selected and empaneled. Both Mabel Yarborough and Mary Frick pleaded "not guilty." It was discovered that in the second count of the first bill of indictment the name of "Mable Honeycutt" appeared when it should have been "Mable Yarborough." After a new bill was returned by the grand jury as to all four of the defendants, the court below withdrew a juror and ordered a mistrial as to the first bill of indictment. When this was done, Mary Frick made no objection or exception. Speaking to the subject, we find in 8 R. C. L. (Criminal Law), p. 113, the following: "Where a defendant desires to take advantage of irregularities occurring before arraignment he should specially plead them in abatement of the proceeding. Defects in the indictment are thus to be taken advantage of, as, for instance, that it is not signed by the foreman of the grand jury. This plea is proper in the case of irregularities not apparent of record as well as in those that are so apparent, and it is sometimes provided by statute that when extrinsic facts are relied on they must be supported by proof of the truth thereof by affidavit or other evidence. As to the time of pleading, such a plea must always precede the plea of not guilty, because a plea of not guilty waives all precedent irregularities." The plea of former jeopardy, or conviction, may be entertained and determined before the same jury now under the plea of "not guilty" by consent. *S. v. Cale,* 150 N. C., 805. But the court below had discretion in the matter "whenever he believes it proper in furtherance of justice." The first bill was defective and the court below was within its discretion in allowing the solicitor's motion. Defendant was not tried on the first bill and there is nothing in the record to show that she did not get a fair and impartial trial on the second bill. From the facts disclosed on the present record,

we think the court below had the discretion to withdraw a juror and order a mistrial, and if defendant had any rights she should have excepted and asserted them at that time. Under the facts and circumstances of this case, it is too late for her now to complain.

Defendant in her brief says, "The bill contains two counts not of the same grade and the punishment not the same. The jury returned a general verdict of guilty. This is error and entitles the prisoner to a new trial. *S. v. Johnson,* 75 N. C., 123." Public Laws of North Carolina, session 1929, ch. 187, we think from its language is sufficient to sustain the general verdict of guilty. Therefore, *S. v. Johnson, supra,* is not applicable. In the judgment below there is

No error.

STACY, C. J., dissenting: It is held with us that pleas of former jeopardy and not guilty may be entered at the same time and tried before the same jury. *S. v. Cale,* 150 N. C., 805, 63 S. E., 958; *S. v. White,* 146 N. C., 608, 60 S. E., 505; *S. v. Taylor,* 133 N. C., 755, 46 S. E., 5; *S. v. Winchester,* 113 N. C., 641, 18 S. E., 657; *S. v. Pollard,* 83 N. C., 597, 8 R. C. L., 119. Hence, the confusion in the record relative to the time and manner in which the defendant entered her pleas is not regarded as fatal to her case. *S. v. Washington,* 89 N. C., 535.

The first bill of indictment was quashed in part only at the instance of Mabel Yarborough, and not on motion of Mary Frick. Therefore, the decision in *S. v. Drakeford,* 162 N. C., 667, 78 S. E., 308, while apparently applicable to the former, would seem to be inapplicable to the latter.

The right of the court to discharge a jury and order a mistrial in any case, for cause, is not questioned by the appellant. *S. v. Beal,* 199 N. C., 278. The gravamen of her complaint is that, after jeopardy had attached under the first bill of indictment *(S. v. Smith,* 170 N. C., 742, 87 S. E., 98) and the jury discharged without cause as to her *(S. v. Davis,* 80 N. C., 384), she was subsequently put on trial on another bill charging the same offense. *S. v. Prince,* 63 N. C., 529.

Jeopardy attaches when a defendant in a criminal prosecution is placed on trial: (1) On a valid indictment or information, (2) before a court of competent jurisdiction, (3) after arraignment, (4) after plea, and (5) when a competent jury has been empaneled and sworn to make true deliverance in the case. 16 C. J., 236-237.

It would seem that the appealing defendant is entitled to a hearing on her plea of former jeopardy. *S. v. Ellsworth,* 131 N. C., 773, 42 S. E., 699.

BROGDEN, J., concurs in dissent.