### STATE v. HARRY DAVIS.

(Filed 14 April, 1943.)

**1. Criminal Law § 23—**

The plea of former jeopardy, to be good, must be grounded on the "same offense," both in law and in fact.

**2. Same—**

A conviction under a Federal Act is no bar to a prosecution for violating a State statute, though the two indictments are founded on identically the same state of facts.

**3. Same—**

Where the same act violates two State statutes, a prosecution for the one is not a bar to a subsequent prosecution for the other.

**4. Criminal Law §§ 21, 27—**

A plea of former jeopardy is a plea in bar to the prosecution and not a plea to the indictment. It poses an inquiry, not into the conduct of the defendant, but as to what action the court has taken on a former occasion.

**5. Criminal Law § 27—**

A defendant is deemed to have abandoned his plea of former jeopardy by not tendering and requesting the court to submit to the jury the issue arising thereon.

**6. Same—**

The form of issue usually submitted on a plea of former jeopardy is: "Has the defendant been formerly convicted (or acquitted) of the offense wherewith he now stands charged?"

**7. Criminal Law § 23—**

A plea of former jeopardy, based upon a conviction, or plea of guilty, on a warrant charging operating a gambling house, is not good upon an indictment, charging (1) maintaining a public nuisance, (2) carrying on a lottery, (3) sale of lottery tickets, and (4) operation of gambling devices, even where the several offenses arise out of the same transaction.

APPEAL by defendant from *Grady, Emergency Judge,* at November Term, 1942, of WAKE.

Criminal prosecution tried upon indictment charging the defendant, and another, in four counts, (1) with maintaining a public nuisance, (2) with setting on foot and carrying on a lottery, (3) with the sale of lottery tickets, and (4) with the operation of gambling devices at 115 W. Martin Street, Raleigh, in Wake County, on or about 15 May, 1942, contrary to the statutes in such cases made and provided and against the peace and dignity of the State.

The defendant, Harry Davis, moved for dismissal of the prosecution on the ground of a former conviction in the city court of Raleigh, it appearing that he was there tried upon a warrant charging him with operating a gambling house at 115 W. Martin Street in the city of Raleigh on or about 1 June, 1942, in violation of the ordinances of the city of Raleigh, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State.

To this warrant the defendant pleaded guilty, and a fine of $50.00 was imposed 12 June, 1942.

The motion to dismiss was overruled; whereupon the defendant pleaded guilty, preserving his right to appeal from the ruling on his motion to dismiss on the ground of former conviction.

Judgment of imprisonment and probation was entered on the defendant's plea of guilty.

Defendant appeals, assigning error in the ruling on his plea of former jeopardy.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*John W. Hinsdale for defendant.*

STACY, C. J.   The appeal poses the question whether the defendant is entitled to further consideration on his plea of former jeopardy.   The record suggests a negative answer.

In the first place, the evidence offered is not sufficient to sustain the plea.   The warrant in the city court was not as broad as the four-count indictment, nor did it purport to cover the same time.   *S. v. Dills,* 210 N. C., 178, 185 S. E., 677.   It is true, the indictment antedates the warrant, and if the two were identical and for a continuing offense, the plea would probably be good.   *S. v. Johnson,* 212 N. C., 566, 194 S. E., 319.   But such is not the case.   The instant indictment involves much more than the previous warrant, albeit the several offenses may have arisen out of the same transaction.

In *S. v. Harrison,* 184 N. C., 762, 114 S. E., 830, it was held that a conviction under the Volstead Act was no bar to a prosecution for violating a State statute, though the two indictments were founded on identically the same state of facts.   There, the violations were of different laws.   Here, the charge includes, not only the same, but also other laws.   The plea of former jeopardy, to be good, must be grounded on the "same offense," both in law and in fact.   *S. v. Hankins,* 136 N. C., 621, 48 S. E., 593; *S. v. Taylor,* 133 N. C., 755, 46 S. E., 5; *S. v. Nash,* 86 N. C., 650.

Likewise, in *S. v. Malpass,* 189 N. C., 349, 127 S. E., 248, and again in *S. v. Midgett,* 214 N. C., 107, 198 S. E., 613, it was held that where the same act violated two State statutes, a prosecution for the one was not a bar to a subsequent prosecution for the other.   The pertinent authorities are fully reviewed in the *Malpass* and *Midgett cases, supra.*

Secondly, the defendant is deemed to have abandoned his plea of former jeopardy by not tendering and requesting the court to submit to the jury the issue arising thereon.   *S. v. King,* 195 N. C., 621, 143 S. E., 140.

Moreover, the plea of former jeopardy is a plea in bar to the prosecution, and not a plea to the indictment.   It poses an inquiry, not into the conduct of the defendant, but as to what action the court has taken on a former occasion.   *S. v. Ellsworth,* 131 N. C., 773, 42 S. E., 699.   Unless it can be determined as a matter of law on the record, an issue is raised for submission to the jury.   The form of the issue usually submitted in such cases is: "Has the defendant been formerly convicted (or acquitted) of the offense wherewith he now stands charged?"   It will be observed that this is a collateral civil issue, to be determined before

entering upon the prosecution. If answered in the affirmative, and allowed to stand, it bars the prosecution. If answered in the negative, the defendant may preserve his exception, if so advised. *S. v. Pollard,* 83 N. C., 597. When the plea is not sustained, the prosecution then begins unaffected by the interlocutory inquiry in respect of the former action of the court. *S. v. Ellsworth, supra.*

The practice of trying the pleas of former jeopardy and not guilty separately finds support among all the authorities, *S. v. Winchester,* 113 N. C., 641, 18 S. E., 657; *S. v. Respass,* 85 N. C., 534, although in a number of cases they have been tried together without prejudicial effect. *S. v. Dills,* 210 N. C., 178, 185 S. E., 677; *S. v. Taylor,* 133 N. C., 755, 46 S. E., 5; *S. v. Winchester, supra; S. v. Smith,* 170 N. C., 742, 87 S. E., 98.

In the instant case, the evidence was not sufficient to sustain the plea, hence the trial court was correct in deciding it as a matter of law.

Affirmed.