WILLIAM GRAY, Ex'r of PENELOPE GRAY, v. JOHN COOPER, Jr., Adm'r of JOHN COOPER, Sr.

Though a plaintiff could not be admitted as a witness, under the C. C. P., sections 342 and 343, to prove a special contract with the intestate of the defendant for the services of slaves before their emancipation, yet he is competent to prove that the intestate had the slaves in possession and enjoyed their services.

When the administrator of an intestate asks of the plaintiff, who had offered himself as a witness, whether there was not a special contract between himself and the intestate, with the view to defeat a recovery on an implied contract, it is competent for the plaintiff to prove by himself, or by another witness, all the particulars going to make up or qualify such fact, and put it in its proper light.

The cases of *Whitesides* v. *Green*, 64 N. C. Rep. 307, *Isenhour* v. *Isenhour*, Ibid 640, and *State ex. rel. Peoples* v. *Maxwell*, Ibid 314, cited and approved.

This was a civil action tried before *Pool, Judge*, at the last term of the Superior Court for the County of BERTIE.

The plaintiff claimed the hire of a negro slave for the years 1862 and 1863, and declared upon a special contract and upon the common counts. Upon the trial the plaintiff offered himself as a witness to prove that the defendant's intestate had his testator's slave in his possession and employment during the years 1862 and 1863, and also the value of the hire. The defendant objected that the plaintiff could not himself prove facts from which a contract between the parties could be implied, but the Court admitted the testimony.

The defendant then asked the plaintiff as a witness whether the intestate had possession of the slave under a special contract with the plaintiff's testatrix, stating that his object in proving a special contract, was to defeat a recovery upon the common counts. The plaintiff answered in the affirmative, and then proposed to state all the terms of the contract. The defendant objected to this testimony, but it was admitted, and the plaintiff obtained a verdict and judgment, and the defendant appealed.

GRAY, EX'R OF GRAY, *v.* COOPER, ADM'R OF COOPER.

*Busbee & Busbee,* for the plaintiff.
*Smith,* for the defendant.

RODMAN, J. This is an action to recover of the defendant the value of the services of certain slaves belonging to the plaintiff which it is alleged were hired by the plaintiff to the intestate of the defendant. The action was commenced soon after the adoption of the Code of Civil Procedure, but it is in the old form of an action of debt, there is no complaint or declaration, and no answer or pleas, but merely short memorandums of pleas, among which is, " General issue." This was irregular ; but as no exception was taken by either party in the Court below, or in this Court, to the defects in the pleadings, and as the case made by the Judge presents definite points for the decision of this Court, we have considered, that we may regard the case as if issues had been joined between the parties as to whether ;

1. The intestate of the defendant by special contract promised to pay hire for the slaves ?

2. There was any implied contract on the part of the defendant to pay what the services of the slaves were worth ?

Considering it thus : the first question presented by the case, is whether the plaintiff was a competent witness to prove that the intestate had and enjoyed the services of the slaves during the years 1862 and 1863. We think he was, (C. C. P. secs. 342 and 343.) That the intestate had the possession of the slaves during the years in question, was a fact which the plaintiff might know, and which he says he did know, otherwise than from a transaction or communication with the intestate. Being as to a matter of a *quasi* public nature, the testimony, if not true, might have been contradicted by others ; notably, by the slaves themselves. We think that this point comes within the principle of *Whitesides* v. *Green,* 64 N. C. 307. *Isenhour* v. *Isenhour,* Id. 604, and *State ex. re. Peoples* v. *Maxwell,* 64 N. C. 314.

GRAY, EX'R OF GRAY, *v.* COOPER, ADM'R OF COOPER.

The plaintiff could not have volunteered his testimony as to the existence of any contract between himself and the intestate. But the defendant asks him, as he had a right to do, if there was not such a special contract; to which the plaintiff replied that there was. The defendant desired to stop the evidence there; for the purpose of availing himself of the rule that when an existing special contract is proved, a plaintiff cannot recover upon an implied contract. Of course the rule is admitted to be correct. But we are of opinion, that, the defendant having proved a new fact, to-wit: the existence of a special contract; it thereby became competent for the plaintiff to inquire of the same witness, (or to prove by any other,) all the particulars going to make up or qualify such fact and put it in its proper light. As to this new fact, the witness became the witness of the defendant. A very slight consideration will show that a different rule, would in many cases work gross injustice; the lamp of evidence instead of diffusing a general light over all the objects of the investigation, would be a dark lantern casting a glare here and there at the pleasure of the holder, but more likely to deceive than to inform. It seems to us that the rule is too reasonable, and its application too familiar in practice, to need to be supported either by illustration or authority.

The judgment is affirmed with costs in this Court.

PER CURIAM.                    Judgment affirmed.