DAVID R. JACKSON *v.* G. T. EVANS, Adm'r.

In an action against an administrator, the testimony of a witness is not admissible to prove a transaction between the witness and the defendant's intestate, whereby certain bonds, the subject of this action, were assigned to the witness who assigned them to the plaintiff; although upon the cross examination, a question, explanatory of a statement made in his examination in chief, relative to such tranaction, had been asked the witness, and he had answered it.

(The case of *Gray* v. *Cooper*, 65 N. C. Rep. 183, cited, distinguished from this, and approved.)

CIVIL ACTION, tried before *Moore, J.*, at Spring Term, 1875, PITT Superior Court.

The plaintiff declared upon the following bonds:

" GREENVILLE, N. C., Feb. 1st, 1862.
$133.00.

For value received I promise to pay to A. & W. J. Evans or order, one hundred and thirty-three dollars, with interest.

Witness my hand and seal.

W. J. EVANS. [L. s.]

GREENVILLE, N. C., Aug. 4th, 1862.
$168.06.

For value received I promise to pay to A. & W. J. Evans or order, one hundred and sixty-eight dollars and six cents, with interest.

Witness my hand and seal.

W. J. EVANS. [L. s.]"

The defendant's intestate and Amos Evans were partners, under the firm name of A. & W. J. Evans. W. J. Evans, the defendant's intestate, died in the month of October, 1872. The plaintiff sues as the assignee of Amos Evans, the surviving partner of A. & W. J. Evans.

Amos Evans was introduced as a witness by the plaintiff and testified as follows : The copartnership is insolvent, there being now outstanding debts unpaid, and the business of the firm remains unsettled. The copartnership was insolvent at the death of W. J. Evans. He passed the notes to the plainttiff for value. The witness then offered to prove that he became the owner of the notes in the lifetime of W. J. Evans, and how he became the owner. To this evidence the defendant objected, and the Court sustained the objection.

Upon cross-examination the defendant's counsel asked the witness if the notes in suit were passed by him to the plaintiff in payment of a copartnership debt or an individual debt of his own ? Witness answered that he passed them in payment of his individual debt.

On re-direct examination witness was permitted by the Court, after objection by the defendant, to testify that by an arrangement between himself and the defendant's intestate, the note became his individual property. To this evidence the defendant excepted.

There was a verdict and judgment for the plaintiff, whereupon the defendant appealed.

*J. E. Moore*, with whom was *Gilliam & Pruden*, for appellants, insisted :

That the testimony is inadmissible. C. C. P. ; Battle's Revisal, chap. 17, sec. 343.

Our case is distinguished from *Gray* v. *Cooper*, 65 N. C. Rep. 183. In that case the testimony was as to an independent and separate fact outside of and distinct from any transaction between the parties. Our case is a direct transaction between the parties.

9

No counsel *contra* in this Court.

SETTLE, J. It is clear that the witness, Amos Evans, could not, without violating section 343 of chapter 17, Battle's Revisal, be allowed to testify that by an arrangement between him and the defendant's intestate, the notes, which are the subject of this action, became his (witness's) individual property, unless the question asked by the defendant on the cross-examination of the witness opened the door for this evidence and made it admissible. The witness, who is the surviving partner of the firm of A. & W. J. Evans, had been permitted, without objection, to testify that the corpartnership was insolvent, that there were outstanding debts unpaid, that the copartnership was unsettled, and that it was insolvent at the death of his partner, W. J. Evans. In answer to a further question of the plaintiff, he testified "that he passed the notes to the plaintiff for value."

The plaintiff offered to prove further by this witness, "that he, witness, became the owner of the notes in the lifetime of W. J. Evans, the deceased partner, and how he became the owner." This, upon objection, was excluded.

Upon the cross-examination of the witness, the defendant asked him if the notes referred to were passed by him to the plaintiff in payment of a copartnership debt or an individual debt of his own. Witness answered that he passed them in payment of his individual debt.

On the re-direct examination of the witness, he was permitted by the Court, after objection by the defendant, to testify that by an arrangement between him, witness, and the defendant's intestate, the notes became his, witness's, individual property. His Honor was clearly right in excluding this evidence when first offered, and we cannot perceive that a question of the defendant on the cross-examination, which only sought an explanation of a statement already made at the instance of the plaintiff, to wit, "that he had passed the notes to the plaintiff for value," could have the legal effect to render

all communications of the witness with his deceased partner competent. The question of the defendant did not introduce new matter. It only called for an explanation, on a single point, of matter already introduced by the plaintiff.

The position of the defendant, as the representative of a dead man, would indeed be embarrassing if he dare not open his mouth to test a single statement called out by his adversary lest he thereby open the door for all other statements.

How did the considerations which operated between the plaintiff and the witness, of which the intestate could know nothing, render arrangements and transactions between the witness and the intestate competent ?

In *Gray* v. *Cooper*, 65 N. C. Rep., 183, the defendant asked a question which the plaintiff could not have asked, and proved a new fact, as to which the plaintiff's witness became the witness of the defendant, and therefore the plaintiff was permitted to examine the witness in explanation of the new matter introduced by the defendant; but in this case, the question asked by the defendant was a legitimate one on the cross-examination of the witness in regard to matter introduced by the plaintiff.

The admission of improper testimony entitles the defendant to a *venire de novo.*

Let this be certified.

PER CURIAM.           *Venire do novo.*