ALICE V. MARCH and others v. JOHN H. VERBLE, Adm'r.

*Practice—Evidence—Transaction with Person Deceased.*

1. Where the plaintiffs claimed as assignees of M, and failing to prove
   the assignment by reason of technical difficulty, obtained leave to
   have M brought in as a party plaintiff, and the jury found for the
   plaintiffs, the judgment should have been in favor of M to the use
   of the other plaintiffs, the real parties in interest.

(The Court *suggests* that in a case of radical amendments like the
   above, either the defendant should be allowed a mistrial, or the
   plaintiff should be taxed with such costs as may be presumed to re-
   sult from the change in the character of the action.)

2, Testimony which merely raises a conjecture or suspicion of a con-
   troverted fact should not be submitted to the consideration of a
   jury.

3. Where plaintiff sues defendant's intestate for the value of a bull
   alleged to have been sold by the former to the latter in a certain
   year, it is competent for the plaintiff to prove by his own oath the
   value of the bull, and that he had owned but one such animal since
   the war.   This is not evidence of a transaction or communication
   with a person deceased, but of a substantive and independent fact.

*(Cobb v. Fogleman,* 1 Ire. 440 ; *Sutton v. Madre,* 2 Jones 320 ; *Matthis v. Matthis,* 3 Jones 132 ; *State v. Revels,* Busb. 200 ; *Wittkowsky v· Wasson,* 71 N. C. 451 ; *Peoples v. Maxwell,* 64 N. ·C. 313 ; *State v. Os⁻ borne,* 67 N. C. 259 ; *Gray v. Cooper,* 65 N. C. 183, cited and approved.)

CIVIL ACTION tried at Spring Jerm, 1878, of ROWAN Superior Court, before *Buxton, J.*

The plaintiffs alleged that the defendant was appointed administrator of Daniel Shaver prior to July, 1869, and that his intestate was indebted to W. B. March (who was subsequently made a party plaintiff in this action) for goods sold and delivered, and for money loaned, according to an account stated ; that the interest of said March was assigned to plaintiffs before the commencement of this action, and that they are the real parties in interest. The defendant in his answer alleged that there were debts against his intestate of a higher dignity than the plaintiffs', and that he had fully administered the estate except a small amount of proceeds of sale of real estate which was subject to the payment of the same.

It was in evidence for the plaintiff that W. B. March had supplied said intestate with goods and chattels to a large amount, and had loaned him a considerable sum of money ; and among the chattels sold since the war was a bull, and said March was allowed to testify, after objection, that he did not own but one bull since that time, and also to give his opinion that the value of the bull was fifty dollars, another witness having testified that he was worth from thirty to forty dollars. Defendant excepted.

The jury found the following issues : Was Daniel Shaver, intestate of defendant, indebted to W. B. March, and if so, in what amount ? Answer, yes, $1,832.50. Has any part of same been paid to March or the plaintiff ? Answer, no. And in addition to these issues a third issue was suggested at the opening of the case, and accepted, as follows : Did

W. B. March assign said indebtedness to the plaintiffs before the commencement of this action? And on the examination of March touching this issue, he testified that he had assigned his interest to the plaintiffs in writing, and upon the defendant's request His Honor excluded the evidence; thereupon the counsel for the original plaintiffs moved to make March a party plaintiff, which was allowed, and then asked leave to withdraw the third issue as being immaterial, which was also allowed. Defendant excepted. There was much other evidence for plaintiffs. The defendant offered no testimony, but called the attention of the Court to the evidence of one of the plaintiffs' witnesses in reference to a conversation between March and the intestate of defendant in the spring of 1868, and asked certain instructions thereon, which with the refusal of His Honor are set out in the opinion. Verdict and judgment for plaintiff. Appeal by defendant.

*Mr. W. H. Bailey,* for plaintiffs.
*Mr. Kerr Craige,* for defendant.

SMITH, C. J. This action is prosecuted to recover for goods sold and money loaned to the defendant's intestate, and for money received by him to the use of W. B. March. The complaint alleges that prior to the suit, the creditor W. B. March assigned his claim to the plaintiffs, and this is denied in the answer.

Issues were made up from the pleadings and submitted to the jury, and among them one as to the alleged assignment. On the trial the plaintiffs failed to prove the affirmative, and thereupon obtained leave of the Court to amend by making March a co-plaintiff, he assenting thereto, and the issue was withdrawn. The jury found to be due from the defendant's intestate the sum of one thousand, eight hundred and thirty-two dollars and fifty cents.

The complaint being otherwise unamended, the effect of the introduction of the new plaintiff into the pleadings, is to make the allegation of the assignment as well that of the assignor, as of the other plaintiffs, and to conclude both as to any future demand on the intestate's estate, and indeed to make the withdrawn issue wholly immaterial to the defendant, unless he should have some set off or equity, which is not suggested, to be affected thereby. Indeed the assignment not being proved as to him, he can avail himself of any defences personal to the assignor, as if the assignor was sole owner of the debt, and the only plaintiff. The form of the judgment must be modified so that the assignor recovers the money due to the use of his co-plaintiff.

We deem it proper to suggest that an amendment, so radical in its effects as to change impending defeat into success, and substantially to substitute a new action, would entitle the defendant to a mistrial, and this would without doubt have been ordered if it had been asked, and it would seem to be a proper case to impose costs previously incurred, or such part of them as would not have been incurred if the action had always been in the form resulting from the amendment. But these rested in the sound discretion of the Judge who tried the cause, and as has been often said, are not subject to our review.

The defendant in the cross-examination of one of the plaintiff's witnesses, proved a conversation between the plaintiff and the defendant's intestate, which occurred in the Spring of 1868, and was to this effect: The intestate said to March, "You have got to get that money for me, you must let me have it by Court." March answered, "These are tight times for money, and I don't think I can let you have it." The intestate added, "You had better let me make you a deed for the way-side property," to which March said, "Any time will do," and the intestate replied, "That is what you always say." No deed was ever made,

and the property was partially paid for in 1867 by March to the intestate.

The defendant asked the Court to charge the jury, that this conversation furnished some evidence that March was indebted to the intestate at that time, and had paid the claim in suit. The Court declined to give the instruction, and told the jury this was not evidence of payment.

We concur in the propriety of the refusal to give the instruction. The evidence was too indistinct and shadowy to warrant any such deduction. It at most and when favorably interpreted raises a *conjecture* or *suspicion* of the fact, and from such the jury would not be warranted in inferring that payment had been made. The cases cited in the brief of plaintiff's counsel fully sustain this position. *Cobb* v. *Fogleman*, 1 Ire. 440; *Sutton,* v. *Madre,* 2 Jones, 320; *Matthis* v. *Matthis*, 3 Jones, 132; *State* v. *Revels*, Busb. 200; *Wittkowsky* v. *Wasson*, 71 N. C., 451.

The counsel of defendant further excepts that the plaintiff March was allowed to testify that he owned but one bull since the surrender, and to give his opinion that it was worth fifty dollars. The sale of a bull to the intestate since the war was one of the charges contained in the account and in controversy before the jury, and another witness had estimated the value of the bull to be from thirty to forty dollars.

We see no objection to this evidence and no error in admitting it. The plaintiff did not testify to any *conversation* or *transaction* with the intestate within the meaning of C. C. P., § 343, but to a substantive, and independent fact, and the evidence was not rendered incompetent because in association with other matters proved *aliunde*, it tended to charge the intestate's estate. Its competency is fully supported by the cases cited in the brief of plaintiff's counsel, and we simply refer to them. *Peoples* v. *Maxwell*, 64 N. C.,

313; *State* v. *Osborn*, 67 N. C., 259; *Gray* v. *Cooper*, 65 N. C., 183.

In the last case the action was to recover for the services of a slave belonging to the plaintiff's testator, and in the employment of the defendant's intestate. The plaintiff was allowed to prove by his own oath that the intestate had the slave in his possession and in his service for two years, and the value thereof. This Court held the witness competent to testify to those facts and sustained the ruling of the Judge. This case decides the question now before us. There is no error, and the judgment as modified must be affirmed.

No error.

PER CURIAM. Judgment modified and affirmed.