MARY E. COWAN et al vs. JOHN T. LAYBURN.

*Action  to  Recover  Land—Evidence,  Competency  of—*
*Transactions with Deceased Person.*

Testimony that a witness carried supplies to a decedent during her sickness, is not such evidence of a conversation or transaction as to make the witness incompetent under Section 590 of *The Code.*

COWAN *v.* LAYBURN.

ACTION for the cancellation of a deed and to recover land, tried before *Boykin, J.*, and a jury, at September Term, 1894, of PENDER Superior Court.

The complaint alleged that the plaintiffs were the heirs-at-law of one Annie J. Cowan who died intestate having, about a year before her death, executed to the defendant certain lands upon the conditions that he should support her and provide for her sufficient food and raiment during her natural life and a decent burial at her death, and that in case the conditions were not complied with, the deed should be void and the land should revert to her or her heirs ; that as soon as defendant received the deed, he abandoned all care of the deceased (who at that time was a needy, infirm and helpless old lady of 70 years of age) and in every particular failed to comply with the conditions of the deed.

The defendant denied the allegations as to his failure to perform the conditions of the deed.

On the trial certain witnesses for the plaintiffs were allowed to testify that they had carried supplies to the deceased. The defendant excepted to the testimony upon the ground that it was incompetent under Sec. 590 of *The Code*, and, after verdict and judgment for the plaintiffs, appealed.

*Mr. A. D. Ward*, for defendant ( appellant ).
No counsel, *contra*.

FAIRCLOTH, C. J. : The only exceptions were to the competency of the .evidence of Thad Cowan and Catharine Cowan, under *The Code*, Sec. 590. The former testified that "I carried food there to her", meaning to Ann Jane Croom ; the latter, that "I went to carry her supplies. She was sickly. I was there every day. I carried her supplies. She was sickly. She had no food except what we carried. She was bad off for clothes."

We see no " conversation " or " transaction " in this evidence, such as is inhibited by section 590. In fact it does not appear whether the old lady accepted or refused the food and supplies.

Affirmed.