BARNEY JOHNSON v. Z. RICH, Administrator.

*Witness—Testimony, Competency of—Transactions with Deceased Person.*

In an action against an administrator for fees incurred as witness for his intestate, the plaintiff is not precluded by Sec. 590 of *The Code* from testifying that he attended court as a witness for the intestate and as to the number of days he so attended (it appearing that his witness-tickets issued to him and filed with the clerk had been lost by the burning of the court-house) since they were facts of which others equally with the intestate had knowledge.

JOHNSON v. RICH.

CIVIL ACTION, heard at Spring Term, 1896, of HARNETT Superior Court, before McIver, J. There was a judgment for plaintiff and defendant appealed. The facts appear in the opinion of Associate Justice FURCHES.

*Messrs. H. E. Norris* and *O. J. Spears*, for plaintiff.
*Mr. L. B. Chapin*, for defendant (appellant).

FURCHES, J. : One Benjamin Johnson had an action of ejectment against defendant's intestate during his life-time, and plaintiff alleges that he was summoned as a witness by the sheriff of Harnett county for the defendant in that action, and attended court as such for a number of terms; that he filed his witness ticket in the clerk's office; that the court house has since been burned and his tickets destroyed by the fire.

Plaintiff was allowed to testify, under the objection of defendant, that he attended court as a witness, and the number of days he so attended. Defendant's objection was overruled and he excepted. This is the only point in the case.

The objection is put, under Section 590 of *The Code*, as a transaction with the deceased. This Section has given rise to a great many questions—it being an entire departure from the common-law rule. But this Court, soon after its enactment, in construing the proviso which prohibited parties in interest from testifying as to " communications and transactions " with deceased persons, gave as a reason for this exception to the general rule that all persons might be witnesses in their own behalf, and placed it upon the ground that the only person who could contradict such testimony was dead. *Hallyburton* v. *Dobson*, 65 N. C., 88. But they did not extend the exception so far as to exclude an interested witness, because the deceased, if living, might contradict what he swore. To give it this

broad construction would exclude every interested witness and destroy the general rule, and in effect invalidate the statute. *Isenhour* v. *Isenhour*, 64 N. C., 640.

Applying the rules laid down in these cases, it would seem that this evidence was competent. It does not seem to be a transaction or communication between plaintiff and defendant's intestate; but it is certainly not such a transaction or communication as the intestate alone had knowledge of and could have contradicted.

It was held by this Court in *Gray* v. *Cooper*, 65 N. C., 183, that while the plaintiff could not testify as to the contract of hiring his slaves to the defendant's intestate, he might testify that defendant's intestate had them in his possession during the the years 1862 and 1863, as this was a matter that might be contradicted by others.

In *March* v. *Verble*, 79 N. C., 19, it was held that while the plaintiff could not testify as to the contract with defendant's intestate, he might testify that he had owned the " bull " and that it was the only one of the kind he had owned.

In *Cowan* v. *Layburn*, 116 N. C., 526, it was held that plaintiff was competent to prove that she carried provisions to defendant's intestate, while she was sick; that this was not a transaction between plaintiff and defendant's intestate, that fell under the exception in Section 590.

The only case cited and relied on by defendant's counsel was *Kirk* v. *Barnhart*, 74 N. C., 653. There is no discussion in that case of the point decided, and we cannot give it the construction contended for by defendant. To do so would be to put it out of harmony with too many decisions of this Court.

As we are instructed by the authorities cited, the judgment of the court below must be affirmed.

No Error.    Affirmed.