J. R. BRISCOE v. HARDY W. PARKER.

(Filed 11 September, 1907).

1. **Surface Water—Drainage—Lower Proprietor—Damages.**

Surface waters should be drained so as to be carried off in the due course of nature. The upper proprietor is liable in damages to the land of the lower proprietor caused by water diverted by his ditches and not carried to a natural water way.

2. **Same—Procedure—Election.**

When the lands of the lower proprietor are damaged by the improper drainage of the upper proprietor, he may elect to bring an action for damages or proceed under Revisal, sec. 3983, *et seq.*

3. **Evidence—Practice—Harmless Error—Instructions.**

When a paper-writing offered in evidence was excluded by the Court; but the matter was reopened upon the argument by plaintiff's attorney with the consent of the Court, and its contents stated by him, this does not constitute reversible error when the Court instructed the jury not to consider the contents of the paper nor the statement of counsel relative thereto.

CIVIL ACTION, tried by *W. R. Allen, J.,* and a jury, at Spring Term, 1907, of the Superior Court of GATES County.

This was an action by a lower proprietor against an upper for increasing the flow of water in such way as to obstruct and throw it on the plaintiff's land and water-sog it.

There was evidence offered by plaintiff tending to show that defendant had collected water that fell on his own land, and by means of ditches had conveyed the water into a ditch called Hawtree Branch, on his own land, which ran across the land of one Mullen and was for the purpose of draining the land of the defendant, and which he was under obligation to keep in good order; that the lower end of said ditch ran up to the land of the plaintiff, and, if kept open and clear, would have caused the water which the defendant, by his ditches, cut to drain his own land, had emptied into said Hawtree Branch ditch, to flow through the land of the plaintiff and into a certain canal; that defendant had failed and refused to keep open said Hawtree Branch ditch at its end close to the land of this plaintiff, and had allowed same to become clogged and dammed up, thereby causing the waters which his ditches had emptied into Hawtree Branch ditch to overflow the banks of said ditch and spread upon and submerge and drown the land of the plaintiff, thereby causing him injury and damage.

There was evidence introduced by the defendant to the contrary.

There was also evidence tending to show that Hawtree Branch was a natural water course, and that defendant's ditches emptied into it at a place not on his own land.

The Court, among other things, charged the jury: If defendant, the upper tenant, collects the surface water falling on his land in ditches and discharges the ditches on the land of the lower tenant, the plaintiff, otherwise than by natural water courses on his own land, and thereby increases the flow of water on the land of the lower tenant, he is liable therefor; and if you so find by a greater weight of the evidence, answer the first issue "Yes," although the surface water of defendant's land would flow to land of the lower tenant. The defendant assigns that part of the charge as error.

There was evidence on both sides tending to show that there were several other landowners besides the defendant whose

lands drained into Hawtree Branch, or Hawtree Branch ditch, as the plaintiff called it; and there was also evidence tending to show that the plaintiff had not attempted to cultivate or clear up the land which he claimed to be damaged, nor to drain the same since he went into the possession thereof, about eighteen years ago; and that those under whom he claimed had not attempted to cultivate it or to drain it since the latter part of the Civil War, and that the plaintiff had sold and allowed timber trees on the land along the course of Hawtree Branch to be cut, and that the tops of the trees had fallen across the branch and had not been removed, and evidence to the contrary.

There was also evidence tending to show that Hawtree Branch was a natural water course, and there was evidence on the part of the plaintiff tending to show that there had been many years ago a ditch along Hawtree Branch, and that it was a ditch, and evidence on the part of defendant tending to show that there had never been a ditch along its course, but that it had always been a natural water course.

Plaintiff introduced evidence to show the injury to the land caused by the flooding of the land. The defendant moved to set aside the verdict and dismiss the action on the ground that the plaintiff had sought the wrong remedy, and that he ought to have applied the statutory remedy, and because of the manifest injustice done the defendant by reason of the fact (1) that the damages attempted to be proved were hypothetical and not actual; (2) that, according to all the evidence, if any damage was incurred by plaintiff, as alleged, several other parties besides the defendant contributed thereto, and, therefore, defendant ought not to bear all the burden, and for that reason the verdict should be set aside; and this contention was presented to the Court as a matter of right and not as a matter of discretion. The Court overruled the motion, and the defendant excepted. Verdict and judgment for plaintiff. Appeal by defendant.

*H. S. Ward* and *W. M. Bond* for plaintiff.
*L. L. Smith* for defendant.

CLARK, C. J.   The principle settled by our decisions is, that in the interest of health and good husbandry better drainage is to be encouraged.   Hence, an upper proprietor can accelerate and even increase the flow of water from his land, but due regard for the rights of the lower proprietor forbids that the flow of water should be diverted to his detriment. *Hocutt v. Railroad,* 124 N. C., 214; *Mizell v. McGowan,* 125 N. C., 439; *s. c.,* 129 N. C., 93; *Lassiter v. Railroad,* 126 N. C., 509; *Rice v. Railroad,* 130 N. C., 376; *Mullen v. Canal Co., ibid.,* 502.   There was here evidence tending to show that the water collected by plaintiff's ditches and carried by them through his own land and that of the next lower proprietor there ceased to be carried farther to a natural water way, but were allowed to ooze through and water-sog the plaintiff's land, to his detriment.   There was conflicting evidence, but the jury so found the fact.   If so, the water put upon the plaintiff's land was not in the due and orderly course of nature from the increase and acceleration of the flow from the better drainage of his farm by the upper proprietor, but was, in fact, a diversion of the water upon the plaintiff's land, to its detriment.   "The defendant had no right to collect surface water   *   *   *   into a ditch not adequate to receive it, and thus flood and injure the land of another."   *Staton v. Railroad,* 109 N. C., 341; *Porter v. Durham,* 74 N. C., 767; *Jenkins v. Railroad,* 110 N. C., 444, 447.   This is not the case of draining into a natural water way, increasing its flow, which the defendant had a right to do.   *Mizell v. McGowan,* 120 N. C., 134.

For such injury the plaintiff could bring this action at his election.   *Mizell v. McGowan,* 120 N. C., 137.   He is not restricted to the remedy prescribed by Revisal, sec. 3983, *et*

*seq.* Indeed, that proceeding is one which the defendant, the upper tenant, might well have resorted to.

The Court excluded a paper offered in evidence by the plaintiff. The plaintiff's counsel, notwithstanding, upon permission of the Court, reopened the argument, and in the course of it stated the contents of the paper. The Court adhered to its ruling and told the jury not to consider the contents of the paper nor the statement of counsel in regard thereto. The jury must have understood so plain an instruction, and, furthermore, that the paper having been excluded as evidence and not testified to by any one, they could not consider it. If a jury is not possessed of this much intelligence, it is not a proper part of a trial in court.

No Error.