## J. T. BEDSOLE v. ATLANTIC COAST LINE RAILROAD COMPANY.

### (Filed 20 October, 1909.)

**1. Evidence — Demurrer — Ruling Reserved — Sustained — Instructions—Harmless Error.**

It is not improper for the trial judge to reserve his ruling on the evidence upon matters set out in a certain section of the complaint and to sustain the demurrer when the evidence is all in if it appears that he should have done so. His instructions to the jury to exclude such evidence from their consideration would cure the error, if any committed therein.

**2. Carriers of Passengers — Protection — Assault — Evidence — Res Gestæ.**

In an action to recover damages of a railroad company for injuries plaintiff received while a passenger on defendant's excursion train by reason of defendant's failure when notified to properly protect him from the assault of a fellow passenger, a man of dangerous character, pertinent evidence of what was said at the time of assault, by the one assaulting, to plaintiff and another passenger, is competent as a part of the *res gestae.*

**3. Carriers of Passengers — Protection — Assault — Avoidance — Evidence, Corroborative.**

In an action to recover damages of defendant railroad company for injuries received in an assault by another passenger, arising from defendant's alleged negligence in failing or refusing to afford plaintiff proper protection, it appeared that there was evidence that plaintiff went into a "reserved seat" car to avoid the difficulty, and the conductor was informed of the fact and refused the protection therein requested. *Held,* it was competent for plaintiff to testify his reason for going into this car in corroboration of the witness who testified that he notified the conductor of the fact.

**4. Carriers of Passengers—Measure of Damages—Instructions Distinctive.**

A charge to the jury, upon the measure of damages, that the plaintiff is entitled to recover on account of injuries received in an assault made on him by another passenger, alleged to have arisen from defendant's failure or refusal to afford him proper protection, on its passenger train, that the jury could include such physical pain and mental suffering as was the proximate, immediate and necessary consequence of the assault, is not prejudicial on the question of mental suffering claimed on account of plaintiff's having been compelled to kill his assailant, when evidence on that point had been excluded and the jury instructed not to consider that phase of the case.

**5. Pleadings—Variance—Amendments.**

There is no error in the trial judge allowing amendments to the pleadings so as to make them conform to the proof. Revisal, 507.

APPEAL from *W. J. Adams, J.,* April Term, 1909, of CUMBER-LAND.

The facts are stated in the opinion of the Court.

*H. McD. Robinson* and *Terry Lyon* for plaintiff.
*Rose & Rose* for defendant.

CLARK, C. J.   In 1906 the plaintiff and one Alexson were among the passengers on an excursion train, run over the defendant's road from Stedman, in Cumberland County, to Wilming-ton, N. C.   On the return trip the plaintiff, on account of Alexson's threats to do him violence, secured a seat in the "reserved car" as a means of protecting himself against any assault Alexson might make upon him.   The conductor of the excursion train was told of Alexson's conduct and threats against the plaintiff; that the plaintiff had gone into the reserved car for protection, and that Alexson was a dangerous man, who bore a bad reputation in his community.   Notwithstanding the warning given to the conductor, Alexson was allowed to enter the reserved car, where plaintiff had sought refuge, and, carrying out his threats, with pistol in hand, violently assaulted plaintiff, striking, kicking and abusing him.

This action was instituted to recover damages for the failure of the defendant to protect plaintiff from the assault made upon him by a fellow-passenger.   The liability of the railroad in such cases is fully discussed, with citation of authorities, in *Brown v. Railroad,* 2 L. R. A. (N. S.), 105, and notes.

The plaintiff killed Alexson.   The complaint contained section 14, for mental suffering from the necessity imposed on plaintiff of slaying his assailant.

The first exception was for refusal of the court to sustain a demurrer *ore tenus* to said section 14.   At that time the evidence had not been developed, and his Honor properly reserved the point.   Later on in the trial the judge sustained the demurrer, excluded all evidence on that point, told the jury not to consider it, and again so instructed them in his charge.   If there was error against the defendant, it was cured.   *Medlin v. Simpson,* 144 N. C., 399.   To same effect, *Wilson v. Mfg. Co.,* 120 N. C., 95; *State v. Ellsworth,* 130 N. C., 690; *Moore v. Palmer,* 132 N. C., 976; *State v. Holder,* 133 N. C., 712; *Briscoe v. Parker,* 145 N. C., 14; *Matthews v. Ins. Co.,* 147 N. C., 339; *State v. Peterson,* 149 N. C., 533.

In *Briscoe v. Parker, supra,* the court below told the jury not to consider the excluded evidence, and we held that the jury must have understood so plain an instruction, and said: "If a jury is

not possessed of this much intelligence, it is not a proper part of a trial court." Whether the court did not err in sustaining the demurrer and in excluding the evidence is a matter not before us, as the plaintiff did not appeal.

Exception 2 is for permitting plaintiff to testify why he went into the reserved car, and exceptions 3 and 4 are to proof of what Alexson said to plaintiff and to a bystander when he made the assault. The latter was part of the *res gestae* and the former was in corroboration of the testimony of another witness, who had notified the conductor of Alexson's threats and that plaintiff had taken refuge in the reserved car and asked the conductor to keep the door closed and guarded, which he refused to do. Exception 6 is abandoned.

Exceptions 5 and 7 are substantially to the same point. The court told the jury: "If the plaintiff is entitled to recover any damages, he is entitled to recover compensation for such injury, past, present and prospective, suffered by the plaintiff in consequence of and by reason of the assault, including such physical pain and suffering and such mental suffering as was the proximate, immediate and necessary consequence of the assault." We do not think this is obnoxious to the defendant's claim that it allowed damages for mental suffering from killing Alexson. Besides, his Honor expressly told the jury not to allow any damages "for any mental suffering the plaintiff may have undergone by reason of or in consequence of his killing Alexson."

The amendments allowed to the complaint to make it conform to the proof was in the discretion of the court. Revisal, sec. 507. The court read a part of the complaint to the jury, explaining to them that he did so as stating the plaintiff's contention. He also stated the defendant's contention and charged correctly as to the burden of proof. We find

No error.