J. D. CRAFT & COMPANY AND C. C. BERGESON v. JOHN L. ROPER
LUMBER COMPANY.

(Filed 2 March, 1921.)

1. **Drainage — Canals — Duty of Abutting Owners — Cleaning Ditches —.
   Damages.**

   Where a drainage canal has been established and used as of right by
   abutting proprietors, in the absence of statutory or other valid contract or
   prescription regulation to the contrary, the obligation is upon each of the
   proprietors to clear out and properly maintain the portion of the canal
   running through his own land, and ordinarily, he has no right to compel
   an upper proprietor to do this for him, nor to hold him in damages for not.
   doing it.

2. **Same—Statutes—Courts.**

Where the main canal for the drainage of a large area of land has been used for drainage by a number of abutting owners as a matter of right, in this case, for sixty years, or for a period of seven years or more, in the absence of contract, stipulation or statutory or prescriptive provisions, our statutes have prescribed a method to proportion the burdens of care, upkeep and maintenance of the main canal among the adjoining owners, to be determined on petition to be duly filed before a justice of the peace or clerk of the Superior Court, who shall, by commissioners or jury of view, cause the respective obligations and burdens to be ascertained and fixed and apportioned among the respective proprietors, enforcible upon the report accordingly made and confirmed. C. S., secs. 5272, 5273, 5274, 5280, *et seq.*

APPEAL from *Calvert, J.,* at January Term, 1921, of WASHINGTON.

Plaintiffs, lower proprietors, owning land abutting on both sides of a drainage canal used by them in part for draining their lands, sue the defendant, one of a number of upper proprietors also abutting on said canal, and using the same for drainage, for damages to plaintiffs' land, and crops particularly for the year 1919, caused by the negligent and wrongful failure of defendant to clear out and properly maintain the portion of said canal running through the lands of plaintiff and below same. On denial of liability, a jury was impaneled, and at close of plaintiffs' evidence, on motion, there was judgment of nonsuit.

Plaintiffs excepted and appealed.

*Ward & Grimes for plaintiffs.*
*Small, MacLean, Bragaw & Rodman for defendant.*

HOKE, J. The evidence offered in support of plaintiffs' cause of action tended to show that the McRae Canal was a drainage canal from two to three miles in length, lying in said county, having its outlet into Beaver Dam Swamp some distance below lands of plaintiffs. That it has been established for sixty years and more, and used by abutting proprietors for drainage purposes, the lands affected amounting to twenty-five hundred to three thousand acres. That plaintiffs, lower proprietors, owned a tract of about seventy acres of land on either side of this canal, about forty acres of which were cleared and in part drained by the use of the McRae Canal. That defendant, one of a number of upper proprietors, also using said canal for drainage, owned a large body of land, the second tract above plaintiffs' land from four to six hundred acres of which were cleared and drained by ditches leading into the main canal. That the portion of the McRae Canal within the bounds of plaintiffs' tract had been allowed to fill up so that it did not afford proper drainage for same, and that on very slight rains the water would pond back into plaintiffs' ditches and sob and injure their lands, and particularly in

1919 caused great damage to the crops of plaintiffs, planted and growing thereon. That this was due to the alleged wrongful failure on the part of defendant to clear out the portion of the McRae Canal on plaintiffs' tract, which had been filled up two to three feet above the original bottom, and caused in part by defendant's drainage into same. On these the facts chiefly pertinent to the inquiry, the authoritative decisions here and elsewhere are to the effect that where a drainage canal has been established and used as of right by abutting proprietors in the absence of statutory contract or prescriptive regulation to the contrary, the obligation is upon each of the proprietors to clear out and properly maintain the portion of the canal running through his own land, and ordinarily he has no right to compel an upper proprietor to do this for him, nor to hold such proprietor in damages for not doing it. The general principle as stated was approved and applied by this Court in the recent case of *Lamb v. Lamb,* reported in 177 N. C., 150. There Abner Lamb, a grandfather, and owner of a large body of land, having established and maintained a system of drainage for same, permanent in character, died leaving his lands to his two sons in separate tracts as upper and lower proprietors along the lead ditches constituting principal features of said drainage system. Plaintiff, successor in title to the proprietor of the lower tract, sued the successor and proprietor of the upper tract for failure to keep open and maintain the lead ditches through plaintiff's land.

On the facts suggested, relief was denied to plaintiff, and speaking to the principal question, the Court said: "It is undoubtedly the general rule that, in the absence of contract stipulation or prescriptive right to the contrary, the owner of an easement is liable for costs of maintenance and repairs where it exists and is used and enjoyed for the benefit of the dominant estate alone; that he has a right of entry upon the servient estate for the purpose indicated, and may be held liable for injuries arising from his willful or negligent breach of duty in these matters. The position finds support in *Hair v. Downing,* 96 N. C., 172, one of the North Carolina cases heretofore cited, and is very generally approved in the decisions and text-writers on the subject. *Bellevue v. Daly,* 14 Idaho, 545; *Oney v. West Buena Visto Land Co.,* 104 Va., 580; *Dudgeon v. Bronson,* 159 Indiana, 652; 9 R. C. L., 794-795; 14 Cyc., 1209; Jones on Easements, sec. 821. But in such case the owner of the dominant estate is not required to maintain or repair the easement for the benefit of the servient tenement. He may, ordinarily, abandon it altogether, without infraction of any rights of the servient owner. 9 R. C. L., 795, citing *Pomfret v. Ricroft,* 1 Saund., 321; 10 Eng. Rul. Cases, 16, and *Mason v. Shrewbury, etc., Ry. Co.,* L. R., 6 Q. B., 578; 10 Eng. Rul. Cas., 22, and note, a general principle recognized and applied in this State in *Canal Co. v. Burnham,* 147 N. C., 41. But where, as in this case, a

system of drainage has been constructed for the benefit of the two properties, and is used and enjoyed by the owners of both, the general rule is, or should be, as held by the court below, that each is required to maintain the portion of the system on his own land, unless the conditions and circumstances presented should make such an obligation so unequal and burdensome on one at the expense of the other that a different method of adjustment would be required."

In *Lamb's case,* 177 N. C., 150, it was suggested that as between two proprietors, in case of gross inequality, a different method of adjustment might be upheld and applied by court decision, but where there are more than two proprietors, and in any case in the absence of some intelligent and legalized administrative regulations apportioning the respective burdens, the difficulties of making proper adjustment of these claims by ordinary civil action alone would be well nigh insuperable. Recognizing this, our Legislature has wisely enacted, in addition to the statutory provisions for the creation of regular drainage districts, that wherever a drainage canal has been established and used as of right by abutting proprietors in the absence of contract stipulation or statutory or prescriptive provisions controlling the matter, the question of proportionate burdens may be determined on petition duly filed before a justice of the peace or clerk of the Superior Court, who shall by commissioners or jury of view, cause the respective obligations and burdens to be ascertained and fixed and apportioned among the respective proprietors, and on this report duly made and confirmed, collection may be enforced as the statute provides. 2d Consolidated Statutes, secs. 5272, 5273, 5274, 5280, *et seq.,* sec. 5280 providing, among other things, that "whenever a canal has been dug along any depression or water way, and been maintained for seven years, it shall be *prima facie* evidence of necessity," and proceedings may be had for apportionment and collection of the respective burdens, etc. We were referred by counsel for appellant to the case of *Briscoe v. Parker,* 145 N. C., 14, as authority in favor of his present claim, but in that case no canal had been established, and it was held that when an upper proprietor had gathered his drainage water into ditches and so carried it up against a lower proprietor's land without more causing said water to "ooze through and sob and injure the same, an action would lie for the injury." But here, as stated, a canal had been established for sixty years and more and used as of right by abutting proprietors, and the question presented is not one of trespass, but of proper apportionment of the respective burdens, and on the facts as now presented the statutory method of relief is the only one open to plaintiffs.

On the record we find no error in the judgment of nonsuit, and the same is

Affirmed.